Michael F. Chekian, Esq. SBN 165026
Chekian Law Office, Inc.
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
(310) 390-5529-Voice
(310) 451-0739-Facsimile
mike@cheklaw.com-Email

Attorneys for Plaintiff Christian Gadbois

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| | |
|---|---|
| In Re:<br><br>Christian Gadbois,<br><br>Debtor | **Chapter 13**<br>**Case No.: 2:19-bk-10187-VZ**<br>**Adv. No.: 2:21-ap- -VZ** |
| Christian Gadbois,<br><br>Plaintiff<br><br>v.<br><br>Minter Field Airport District, a special district formed under the California Airport District Act; and Does 1-5, Inclusive<br><br>Defendants | **COMPLAINT FOR VIOLATION OF AUTOMATIC STAY; RECOVERY OF PROPERTY OF ESTATE (11 USC Sections 362(a) (h), 544, 549, 522)**<br><br>**Status Conference:**<br>**Date: (to be determined)_**<br>**Time:**<br>**Place: Ctrm. 1368, 255 E. Temple Street, Los Angeles, CA 90012** |

**TO: HON. VINCENT ZURZOLO AND DEFENDANTS:**

Comes now, debtor Christian Gadbois ("Gadbois"), who complains against Minter Field Airport District, a special district formed under the California Airport District Act ("Defendant") as below set forth.

**I. PARTIES**

1. Gadbois is an individual who filed for protection under Chapter 13 of the Bankruptcy Code on January 9, 2019 ("Bankruptcy"). The Bankruptcy is currently open and pending. Debtor's confirmed plan provides that 100% of Gadbois' allowed claims be paid in full.

Chekian Law Office
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

2. Defendant Minter Field Airport District, a special district formed under the California Airport District Act ("Defendant") is an entity, a special district formed under the California Airport District Act.

3. The parties named as Does 1-5 are currently unknown to Gadbois, but as soon as their identity(ies) are known, Gadbois will amend this complaint to name and serve them.

4. Gadbois is the lessee under a commercial lease ("Lease") wherein in exchange for payment of $600 per month plus utilities, Gadbois would have use of an office space at 5215 Minter Field Avenue in the city of Shafer, Kern County California in order to operate a helicopter company, a sole proprietorship company named SRT Helicopters operated under Gadbois' personal tax identification number.

## II. JURISDICTION, VENUE AND STANDING

5. The court has jurisdiction over this action pursuant to 28 USC Sections 1334 and 157. This is a "core" proceeding pursuant to 28 USC Sections 1334 and 157(b). This complaint is brought pursuant to 11 USC Sections 105 and 506 and Federal Rule of Bankruptcy Procedure Rule 7001. Venue is proper in this court pursuant to 28 USC Section 1409(a).

6. Gadbois has standing to bring the claim for relief herein as the debtor in possession in this Chapter 13 case, pursuant to Bankruptcy Code Section 1303 and related authorities.

## III. STATEMENT OF FACTS

7. Gadbois hereby repeats, realleges and incorporates by reference the preceding paragraphs of the complaint as if set forth here fully with the same force and effect.

8. Gadbois filed his currently pending Chapter 13 case on January 9, 2019.

9. On March 1, 2018, Gadbois and Defendant executed an open ended month to month commercial lease in order for Gadbois to operate a full service helicopter company at 5215 Minter Field Avenue, Kern County, California ("Lease"). The Lease named the lessee as SRT Helicopter and the Lease was executed by Gadbois under his personal name and dba, SRT

Chekian Law Office
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

Helicopter. A true and correct copy of the Lease is attached hereto as Exhibit A.

10. After the bankruptcy filing date, Gadbois fell into arrears on the Lease, in or around April 1, 2020.

11. On December 7, 2020, Defendant, in an attempt to subvert Gadbois' bankruptcy stay, filed an unlawful detainer lawsuit, not against the proper party Gadbois or his dba SRT Helicopter, but against a defunct company which was not a party to the Lease named SRT Helicopters, LLC ("SRT LLC") in Kern County Superior Court as case number BCL-20-015015 ("Eviction Lawsuit"). A true and correct copy of the Eviction Lawsuit is attached hereto as Exhibit B.

12. On February 9, 2021, Defendant obtained a default judgment in the Eviction Lawsuit against SRT LLC in amount of $11,969.62, consisting of $2,310.12 holdover damages, $9,444.50 attorney fees and $215 costs ("Eviction Judgment"). A true and correct copy of the Eviction Lawsuit default judgment is attached hereto as Exhibit C.

13. On December 11, 2020, Defendant filed a second lawsuit, this time for breach of contract based on the Lease, again not against Gadbois, but against SRT LLC (not a party to the Lease) in Kern County Superior Court as case number BCL-20-015272 ("Civil Lawsuit").

14. The Civil Lawsuit asserted a single cause of action for breach of written contract against SRT LLC only, even though SRT LLC was not a party to the Lease.

15. The Defendant alleged at paragraph 12 in the Civil Lawsuit that SRT LLC failed to pay unpaid rent and costs and total compensatory damages of $4,414.78 plus consequential damages. A true and correct copy of the Civil Lawsuit is attached hereto as Exhibit D.

16. The Defendant obtained a default judgment against SRT LLC in the Civil Lawsuit entered on March 3, 2021 by default in amount of $7,415.78 ("Civil Judgment"), comprised of $4,414.78 in damages, $2,956 attorney fees and $45 costs. A true and correct copy of the Civil Judgment is attached hereto as Exhibit E.

17. After the entry of the aforementioned Eviction Judgment and Civil Judgment, Gadbois tendered and Defendant accepted a rent check for the premises in amount of $800 cashed by the bank on April 19, 2021, a true and correct copy of which is attached as Exhibit F.

18. Defendant locked the doors and prevented Gadbois' access to the Premises since

CHEKIAN LAW OFFICE
445 SOUTH FIGUEROA STREET, 31ST FLOOR
LOS ANGELES, CA 90071

CHEKIAN LAW OFFICE
445 SOUTH FIGUEROA STREET, 31ST FLOOR
LOS ANGELES, CA 90071

at least April 1, 2021 to present.

19. Upon information and belief, Defendant destroyed, sold and/or transferred Property within the Premises acquired by Gadbois prior to the bankruptcy petition date or after the petition date with his funds which are property of the estate, with replacement value of approximately $49,685 ("Property"), including but not limited to the following items: 2 fireproof file cabinets ($4,000 each) containing tax and other personal records of Gadbois and his spouse; 2 additional file cabinets containing personal records ($1,000 each); 6 book cases ($2,000 each) containing personal books and a variety of trade publications and flight manuals; 4 desks ($1,000 each); 6 personal flight suits ($500 each); 2 computer towers ($1500 each); 2 boxes of approximately 50 hood sweatshirts per box ($40 per sweatshirt); 2 personal flight helmets ($4500 each); 4 David Clark aviation headsets ($900 each); 1 HP combination facsimile, printer and scanner ($585); and various cleaning supplies ($500).

20. Gadbois has a new lucrative contract training helicopter pilots requiring use of the Premises commencing in summer 2021. Defendant's actions are preventing his use of the Premises.

## IV. FIRST CLAIM FOR RELIEF

## VIOLATION OF AUTOMATIC STAY AGAINST ALL DEFENDANTS

## 11 USC SECTION 362(a), (h)

21. Gadbois hereby repeats and realleges by reference each of the foregoing paragraphs of the complaint as if set forth here fully with the same force and effect.

22. Gadbois is informed and believes and thereon alleges that Defendant unlawfully destroyed and/or transferred his Property from the Premises without his consent.

23. Gadbois is informed and believes and thereon alleges that the Eviction Lawsuit and Civil Lawsuit (and related judgments) against SRT LLC are intentionally veiled efforts by Defendant violating the stay of his Bankruptcy within the meaning of 11 USC Section 362(a) for which punitive damages are allowed under 11 USC Section 362(h).

24. Gadbois demanded to Defendant that it give possession of the Premises and access to his Property, which request was denied unless Gadbois pay the judgment amount, Defendant's attorney fees and costs.

25. Gadbois was required to retain an attorney to represent him in this proceeding and incurred and continues to incur fees and costs for the prosecution of this proceeding.

26. Gadbois is ready willing and able to tender all back rent calculated to be owed under the Lease.

27. Gadbois is entitled to actual, compensatory, punitive damages and attorney fees and costs according to proof for the repeated knowing violations by Defendant of the automatic stay of his pending Chapter 13 case.

## V. SECOND CLAIM FOR RELIEF

## RECOVERY OF ESTATE PROPERTY PER SECTIONS 1306(a)(1); 541(a)(2) AGAINST ALL DEFENDANTS

28. Gadbois hereby repeats and realleges by reference each of the foregoing paragraphs of the complaint as if set forth here fully with the same force and effect.

29. Gadbois, as a Chapter 13 debtor, has concurrent standing with the Chapter 13 Trustee to litigate claims which are property of his bankruptcy estate.

30. Both the Premises and the Property are property of the Gadbois bankruptcy estate.

31. Through the Eviction Judgment and the Civil Judgment, Defendant violated Gadbois' automatic stay and unlawfully obtained control of the Premises and the Property, which it refuses to return to Gadbois unless he pays the unlawful judgment amount including exorbitant attorney fees.

32. Since actions in violation of the automatic stay are void, Gadbois is entitled to immediate possession and control of the Premises and the Property because Civil Judgment and Eviction Judgments unlawfully usurped Gadbois' automatic stay in order to obtain the Property and Premises.

CHEKIAN LAW OFFICE
445 SOUTH FIGUEROA STREET, 31ST FLOOR
LOS ANGELES, CA 90071

WHEREFORE, Gadbois respectfully prays for judgment and requests as follows in his favor against Defendant:

1. For recovery of damages as allowed under 11 USC Section 362(a) and (h) according to proof, plus pre and post-judgment interest as allowed by law;

2. For recovery of compensatory and punitive damages as allowed by law for wrongful retention by Defendant of Gadbois' Property and Premises;

3. For an order compelling Defendant to return the Property to him;

4. For an order restoring Gadbois access to the Premises, subject to him tendering all accrued rent plus late payment charges to Defendant;

5. For costs of defending this action;

6. For attorney fees as allowed by contract and/or statute; and

7. For such further relief as the court deems just and proper.

Dated: July 21, 2021

/s/ Michael F. Chekian__________
Michael F. Chekian
Chekian Law Office
Attorneys for Gadbois

Chekian Law Office
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

AGREEMENT FOR TENANCY FROM MONTH TO MONTH

THIS AGREEMENT, made and entered into this 1st day of March 2018 by and between the MINTER FIELD AIRPORT DISTRICT, a Special district formed under the California Airport District Act (Hereinafter "District") and SRT Helicopter (Hereinafter "Lessee"),

WITNESSETH:

WHEREAS, in conformance with the provisions of Sections 22553 and 22554 of the Public Utilities Code of the State of California, District owns and operates an airport in the County of Kern, State of California, commonly known and described as Minter Field Airport (hereinafter "Airport"); and

FOR AND IN CONSIDERATION OF THE COVENANTS CONTAINED HEREIN, IT IS AGREED AS FOLLOWS:

(1) Lessee agrees to pay District the monthly sum of $600.00 in advance, on or before the first day of each month. If rent due is not paid within 30 days of when due, a penalty of 5% of the amount due and unpaid shall be added to the amount due, and the total sum of the rent then due plus penalty shall be immediately due and payable.

(2) This agreement is made for the purpose of granting Lessee the right and privilege of operating a full-service helicopter company at 5215 Minter Field Avenue. Lessee shall not use the Premises or permit it to be used for any other purpose without the prior written consent of District. Lessee shall not do, or permit to be done, on the Premises, any act which constitutes a nuisance or which may disturb the quiet enjoyment of District or any tenant of District.

(3) Lessee shall indemnify, and save harmless District from any and all claims for damages or other liability arising out of Lessee's operations or possession of the Premises.

(4) Lessee shall obtain and maintain at Lessee's expense, during the life of this agreement, and covering all of Lessee's operations on the Airport, insurance coverage in an amount of not less than $500,000 per occurrence, with combined coverage for personal injury and property damage with a reliable insurance carrier authorized to do business in the State of California. All insurance coverage shall contain language which recognizes the obligations of Lessee's indemnification promises and show District, its officers, agents, and employees as additional insured's. The coverage shall include a 30 day cancellation or change notice to District. A Certificate of Insurance shall be filed with District prior to Lessee taking possession of the Premises. Lessee shall have no interest in or claim to any portion of the proceeds of any insurance coverage maintained by District.

(5) Lessee shall observe the Workers' Compensation Act of the State of California and shall indemnify and save harmless District from all liability under that Act.

(6) Lessee shall maintain possession of the Premises and operate same in all respects subject to all applicable rules, regulations, ordinances, and laws of any governmental entity, now in effect or to be enacted;

(7) Lessee shall keep and maintain the Premises in a clean and sanitary condition at all times and on the termination of the tenancy surrender immediately and peaceably possession of the Premises to District in as good condition as when received, ordinary wear and damage by the elements accepted.

(8) Lessee shall not keep, store, or place in or on the Premises any petroleum products or any hazardous, toxic, radioactive, or explosive material except that which is necessary and appropriate to the purposes of this agreement. All such materials shall be stored, handled, and dispensed as required by applicable governmental regulations and laws. Any spills of such materials shall be promptly cleaned up by Lessee at Lessee's expense in accordance with standards of the industry and any applicable governmental regulations and laws

(9) Lessee shall pay all taxes and/or assessments levied by any governmental entity upon any interest acquired by Lessee under this agreement at least 30 days before they become delinquent. Lessee is aware that certain possessory interests may be created by entering into this agreement and that such interests may be subject to property taxation and Lessee will be subject to payment of property taxes levied on such interests.

(10) Lessee shall pay all maintenance costs, including utilities, utility extension, and other services.

(11) Lessee shall not assign this agreement, sublet the Premises, or otherwise convey any interest in this agreement.

(12) Lessee shall deposit with District $ -0- as security for the faithful performance of the terms and conditions of this agreement. If Lessee defaults in respect to any term or condition contained in this agreement, including rent, District may retain the whole or any part of this security deposit for the payment of rent or any other sum District is required to spend or incur by reason of Lessee's default. When Lessee faithfully and fully complies with the terms and conditions of this agreement, the security deposit or any balance shall be returned to Lessee within 60 days after termination of this agreement. Lessee shall not be entitled to any interest on the deposit.

(13) This agreement does not evidence a partnership or joint venture between the parties and Lessee shall at all times remain an independent contractor.

(14) If Lessee breaches any term or condition of this agreement, it shall terminate upon 30 days written notice from District to Lessee and Lessee shall immediately surrender possession of the Premises to District. If District has to resort to legal action to enforce any provision hereof or to obtain restitution hereunder, Lessee agrees to pay all costs and expenses of such action, including attorney's fees.

(15) Without written consent from District, Lessee shall not make or install any signs, alternations, improvements, additions, fixtures, or any structural, mechanical, or electrical component or mark, paint, or deface any part of any structure.

(16) All fixtures attached to the Premises by Lessee, but not permanently affixed thereto, shall remain the property of Lessee, and Lessee shall have the right of removal at the termination of the tenancy. District shall have a lien on such fixtures for any unpaid rent due and owing.

(17) This agreement and the tenancy hereby granted may be terminated at any time by either party hereto by giving the other party at least 30 days prior written notice.

IN WITNESS WHEREOF the parties hereto have executed this agreement on the day and year first hereinabove written.

MINTER FIELD AIRPORT DISTRICT

By ______________________
"General Manager"

By ______________________
"Lessee"

Date 3/7/18

EXHIBIT A

Main Document Page 8 of 33

SUM-130

# SUMMONS
## *(CITACIÓN JUDICIAL)*
UNLAWFUL DETAINER—EVICTION
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
12/7/2020
Kern County Superior Court
By Stacey Williams, Deputy

**NOTICE TO DEFENDANT:** SRT Helicopters, LLC and DOES 1 to 10
***(AVISO AL DEMANDADO):***

**YOU ARE BEING SUED BY PLAINTIFF:** Minter Field Airport District
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (*www.lawhelpca.org*), the California Courts Online Self-Help Center (*www.courts.ca.gov/selfhelp*), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***EXENCIÓN DE CUOTAS:*** *Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.* ***AVISO:*** *Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is: Superior Court of California, County of Kern
*(El nombre y dirección de la corte es):* Metropolitan Division – Limited Civil
1415 Truxtun Avenue
Bakersfield, CA 93301

CASE NUMBER *(número del caso):* BCL-20-015015

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brett A. Stroud, Esq.; Lauren N. Naworski, Esq.
Young Wooldridge, LLP, 1800 30th Street, 4th Floor, Bakersfield, CA 93301; (661) 327-9661

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2019]

SUMMONS—UNLAWFUL DETAINER—EVICTION

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courts.ca.gov
Westlaw Doc & Form Builder

1

EXHIBIT B

SUM-130

| PLAINTIFF (Name): Minter Field Airport District | CASE NUMBER: BCL-20-015015 |
|---|---|
| DEFENDANT (Name): SRT Helicopters, LLC | |

3. *(Must be answered in all cases)* An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received* **any** *help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

Date: *(Fecha)* 12/7/2020 TAMARAH HARBER-PICKENS Clerk, by *(Secretario)* Stacy Williams, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons *(form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as an occupant.
   d. [X] on behalf of *(specify)*: SRT Helicopters, LLC
   under: [ ] CCP 416.10 (corporation). [ ] CCP 416.60 (minor).
   [ ] CCP 416.20 (defunct corporation). [ ] CCP 416.70 (conservatee).
   [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
   [ ] CCP 415.46 (occupant). [X] other *(specify)*: Corp. Code 17701.16
   e. [ ] by personal delivery on *(date)*:

For your protection and privacy, please press the Clear This Form button after you have printed the form. Print this form Save this form Clear this form

Main Document Page 10 of 33

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY / STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Brett A. Stroud, SBN 301777; Lauren N. Naworski, Esq., SBN 327351<br>FIRM NAME: Young Wooldridge, LLP<br>STREET ADDRESS: 1800 30th Street, 4th Floor<br>CITY: Bakersfield STATE: CA ZIP CODE: 93301<br>TELEPHONE NO.: (661) 327-9661 FAX NO.: (661) 327-1087<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): Minter Field Airport District | ELECTRONICALLY FILED<br>12/4/2020 1:54 PM<br>Kern County Superior Court<br>By Stacey Williams, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN<br>STREET ADDRESS: 1415 Truxtun Avenue<br>MAILING ADDRESS: 1415 Truxtun Avenue<br>CITY AND ZIP CODE: Bakersfield, CA 93301<br>BRANCH NAME: Metropolitan Division - Limited Civil | |
| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, LLC<br>[X] DOES 1 TO 10 | |
| COMPLAINT—UNLAWFUL DETAINER*<br>[ ] COMPLAINT [X] AMENDED COMPLAINT (Amendment Number): 1 | CASE NUMBER:<br>BCL-20-015015 |

Jurisdiction *(check all that apply):*

[X] ACTION IS A LIMITED CIVIL CASE

Amount demanded [X] does not exceed $10,000.

[ ] exceeds $10,000 but does not exceed $25,000.

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply):*

[ ] from unlawful detainer to general unlimited civil (possession not in issue). [ ] from limited to unlimited.

[ ] from unlawful detainer to general limited civil (possession not in issue). [ ] from unlimited to limited.

1. *PLAINTIFF (name each):* Minter Field Airport District

*alleges causes of action against DEFENDANT (name each):* SRT Helicopters, LLC

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [ ] a partnership.
(2) [X] a public agency. (5) [ ] a corporation.
(3) [ ] other *(specify):*

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*

3. a. *The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):* 5215 Minter Field Avenue, Shafter, CA 93263

b. The premises in 3a are *(check one)*
(1) [X] within the city limits of *(name of city):* Shafter
(2) [ ] within the unincorporated area of *(name of county):*

c. The premises in 3a were constructed in *(approximate year):* 1938

4. Plaintiff's interest in the premises is [X] as owner [ ] other *(specify):*

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

COMPLAINT—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov
Westlaw Doc & Form Builder

3

EXHIBIT B

UD-100

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, LLC | CASE NUMBER:<br>BCL-20-015015 |
|---|---|

6. a. On or about *(date):* March 1, 2018
   *defendant (name each):* SRT Helicopter, LLC

   (1) agreed to rent the premises as a [X] month-to-month tenancy [ ] other tenancy *(specify):*
   (2) agreed to pay rent of $641.69 payable [X] monthly [ ] other *(specify frequency):*
   (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*

   b. This [X] written [ ] oral agreement was made with
   (1) [X] plaintiff. (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent. (4) [ ] Other *(specify):*

   c. [ ] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [ ] Other *(specify):*

   d. [ ] The agreement was later changed as follows *(specify):*

   e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

   f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
   (1) [ ] *the written agreement is not in the possession of the landlord or the landlord's employees or agents.*
   (2) [ ] *this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).*

7. The tenancy described in 6 *(complete (a) or (b))*
   a. [X] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):* NOT residential
   b. [ ] is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
   a. [ ] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
   (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
   (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each)*:

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [X] Defendant *(name each):* SRT Helicopters, LLC

   was served the following notice on the same date and in the same manner:
   (1) [ ] 3-day notice to pay rent or quit
   (2) [X] 30-day notice to quit
   (3) [ ] 60-day notice to quit
   (4) [ ] 3-day notice to quit
   (5) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
   (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served *(date):*
   (7) [ ] Other *(specify):*

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, LLC | CASE NUMBER:<br>BCL-20-015015 |
|---|---|

9. b. (1) On *(date):* October 20, 2020 the period stated in the notice checked in 9a expired at the end of the day.
   (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. [ ] The notice included an election of forfeiture.
   e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*
   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [X] The notice in item 9a was served on the defendant named in item 9a as follows:
   (1) [ ] By personally handing a copy to defendant on *(date):*
   (2) [ ] By leaving a copy with *(name or description):*
   a person of suitable age and discretion, on *(date):* at defendant's
   [ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence
   on *(date):* because defendant cannot be found at defendant's residence or usual place of business.
   (3) [ ] By posting a copy on the premises on *(date):*
   [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
   on *(date):*
   (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
   (b) [ ] because no person of suitable age or discretion can be found there.
   (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*
   (5) [X] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties
   b. [ ] *(Name):*
   was served on behalf of all defendants who signed a joint written rental agreement.
   c. [ ] *Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.*
   d. [X] *Proof of service of the notice in item 9a is attached and labeled Exhibit 3.*

11. [ ] *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

12. [ ] *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was* $

13. [X] *The fair rental value of the premises is* $ 21.39 per day.

14. [X] *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [X] *A written agreement between the parties provides for attorney fees.*

16. [ ] *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

17. [ ] *Other allegations are stated in Attachment 17.*

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, LLC | CASE NUMBER:<br>BCL-20-015015 |
|---|---|

19. PLAINTIFF REQUESTS

a. possession of the premises.
b. costs incurred in this proceeding:
c. [ ] past-due rent of $
d. [X] reasonable attorney fees.
e. [ ] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [X] damages at the rate stated in item 13 from *date:* October 20, 2020 for each day that defendants remain in possession through entry of judgment.
h. [X] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify):*

20. [X] Number of pages attached *(specify):* 6

**UNLAWFUL DETAINER ASSISTANT** **(Bus. & Prof. Code, §§ 6400–6415)**

21. [X] *(Complete in all cases.)* An unlawful detainer assistant [X] did **not** [ ] did for compensation give advice or assistance with this form. *(If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date):*

Date: November 30, 2020

Lauren N. Naworski, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

**[Deemed Verified Under Code of Civil Procedure Section 446]**

Main Document Page 14 of 33

# Exhibit 1

7

EXHIBIT B

AGREEMENT FOR TENANCY FROM MONTH TO MONTH

THIS AGREEMENT, made and entered into this 1st day of March 2018 by and between the MINTER FIELD AIRPORT DISTRICT, a Special district formed under the California Airport District Act (Hereinafter "District") and SRT Helicopter (Hereinafter "Lessee").

WITNESSETH:

WHEREAS, in conformance with the provisions of Sections 22553 and 22554 of the Public Utilities Code of the State of California, District owns and operates an airport in the County of Kern, State of California, commonly known and described as Minter Field Airport (hereinafter "Airport"); and

FOR AND IN CONSIDERATION OF THE COVENANTS CONTAINED HEREIN, IT IS AGREED AS FOLLOWS:

(1) Lessee agrees to pay District the monthly sum of $600.00 in advance, on or before the first day of each month. If rent due is not paid within 30 days of when due, a penalty of 5% of the amount due and unpaid shall be added to the amount due, and the total sum of the rent then due plus penalty shall be immediately due and payable.

(2) This agreement is made for the purpose of granting Lessee the right and privilege of operating a full-service helicopter company at 5215 Minter Field Avenue. Lessee shall not use the Premises or permit it to be used for any other purpose without the prior written consent of District. Lessee shall not do, or permit to be done, on the Premises, any act which constitutes a nuisance or which may disturb the quiet enjoyment of District or any tenant of District.

(3) Lessee shall indemnify, and save harmless District from any and all claims for damages or other liability arising out of Lessee's operations or possession of the Premises.

(4) Lessee shall obtain and maintain at Lessee's expense, during the life of this agreement, and covering all of Lessee's operations on the Airport, insurance coverage in an amount of not less than $500,000 per occurrence, with combined coverage for personal injury and property damage with a reliable insurance carrier authorized to do business in the State of California. All insurance coverage shall contain language which recognizes the obligations of Lessee's indemnification promises and show District, its officers, agents, and employees as additional insured's. The coverage shall include a 30 day cancellation or change notice to District. A Certificate of Insurance shall be filed with District prior to Lessee taking possession of the Premises. Lessee shall have no interest in or claim to any portion of the proceeds of any insurance coverage maintained by District.

(5) Lessee shall observe the Workers' Compensation Act of the State of California and shall indemnify and save harmless District from all liability under that Act.

(6) Lessee shall maintain possession of the Premises and operate same in all respects subject to all applicable rules, regulations, ordinances, and laws of any governmental entity, now in effect or to be enacted;

(7) Lessee shall keep and maintain the Premises in a clean and sanitary condition at all times and on the termination of the tenancy surrender immediately and peaceably possession of the Premises to District in as good condition as when received, ordinary wear and damage by the elements accepted.

(8) Lessee shall not keep, store, or place in or on the Premises any petroleum products or any hazardous, toxic, radioactive, or explosive material except that which is necessary and appropriate to the purposes of this agreement. All such materials shall be stored, handled, and dispensed as required by applicable governmental regulations and laws. Any spills of such materials shall be promptly cleaned up by Lessee at Lessee's expense in accordance with standards of the industry and any applicable governmental regulations and laws

(9) Lessee shall pay all taxes and/or assessments levied by any governmental entity upon any interest acquired by Lessee under this agreement at least 30 days before they become delinquent. Lessee is aware that certain possessory interests may be created by entering into this agreement and that such interests may be subject to property taxation and Lessee will be subject to payment of property taxes levied on such interests.

(10) Lessee shall pay all maintenance costs, including utilities, utility extension, and other services.

(11) Lessee shall not assign this agreement, sublet the Premises, or otherwise convey any interest in this agreement.

(12) Lessee shall deposit with District $ -0- as security for the faithful performance of the terms and conditions of this agreement. If Lessee defaults in respect to any term or condition contained in this agreement, including rent, District may retain the whole or any part of this security deposit for the payment of rent or any other sum District is required to spend or incur by reason of Lessee's default. When Lessee faithfully and fully complies with the terms and conditions of this agreement, the security deposit or any balance shall be returned to Lessee within 60 days after termination of this agreement. Lessee shall not be entitled to any interest on the deposit.

(13) This agreement does not evidence a partnership or joint venture between the parties and Lessee shall at all times remain an independent contractor.

(14) If Lessee breaches any term or condition of this agreement, it shall terminate upon 30 days written notice from District to Lessee and Lessee shall immediately surrender possession of the Premises to District. If District has to resort to legal action to enforce any provision hereof or to obtain restitution hereunder, Lessee agrees to pay all costs and expenses of such action, including attorney's fees.

(15) Without written consent from District, Lessee shall not make or install any signs, alternations, improvements, additions, fixtures, or any structural, mechanical, or electrical component or mark, paint, or deface any part of any structure.

(16) All fixtures attached to the Premises by Lessee, but not permanently affixed thereto, shall remain the property of Lessee, and Lessee shall have the right of removal at the termination of the tenancy. District shall have a lien on such fixtures for any unpaid rent due and owing.

(17) This agreement and the tenancy hereby granted may be terminated at any time by either party hereto by giving the other party at least 30 days prior written notice.

IN WITNESS WHEREOF the parties hereto have executed this agreement on the day and year first hereinabove written.

MINTER FIELD AIRPORT DISTRICT

By ______________ "General Manager"

By ______________ "Lessee"

Date 3/7/18

EXHIBIT B

Main Document Page 16 of 33

# Exhibit 2

9 EXHIBIT B



September 18, 2020
Chris Gadbois
SRT Helicopter
5215 Minter Field Ave
Shafter, CA 93263

Notice of Termination of Lease

Dear Mr. Gadbois,

This is to notify you to quit and deliver up possession of 5215 Minter Field Ave, Shafter, CA 93263, which you presently occupy as our tenant, by October 20, 2020. This notice is given pursuant to paragraph [17] of your lease agreement which states "tenancy hereby granted may be terminated at any time by either party hereto by giving the other party at least 30 days prior written notice."

NOTICE IS FURTHER GIVEN that if you fail to vacate the above-described premises on or before the date specified in the paragraph above, the lessor will institute Unlawful Detainer proceedings against you to recover possession of the premises, treble damages, attorney fees and costs.

We remind you of your obligation to leave the premises in a reasonable condition at the end of your tenancy.

Thank you for your cooperation.

Sincerely,

Jonathan Hudson, General Manager
Minter Field Airport District

201 Aviation St • Shafter, CA 93263
Phone: Office (661)393-0402 • (800)393-MFAD • Fax (661)393-3049 • www.minterfield.com

Main Document Page 18 of 33

# Exhibit 3

11 EXHIBIT B

ALERT: STAY UPDATED ON POST OFFICE CLOSURES AND SERVICE IMPACTS DUE TO SEVER...

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 9505513818930262578124

Remove ×

Your item was delivered in or at the mailbox at 10:37 am on September 19, 2020 in SHAFTER, CA 93263.

**USPS Premium Tracking™ Available**

Feedback

## Delivered

September 19, 2020 at 10:37 am
Delivered, In/At Mailbox
SHAFTER, CA 93263

**Get Updates**

**Text & Email Updates**

**Tracking History**

**Premium Tracking**

**Product Information**

See Less

EXHIBIT B

UD-101

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER:
NAME: Brett A. Stroud, SBN 301777; Lauren N. Naworski, Esq., SBN 327351
FIRM NAME: Young Wooldridge, LLP
STREET ADDRESS: 1800 30th Street, 4th Floor
CITY: Bakersfield STATE: CA ZIP CODE: 93301
TELEPHONE NO: (661) 327-9661 FAX NO: (661) 327-1087
E-MAIL ADDRESS:
ATTORNEY FOR (name): Minter Field Airport District

FOR COURT USE ONLY
ELECTRONICALLY FILED
12/1/2020 1:32 PM
Kern County Superior Court
By Stacey Williams, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division - Limited Civil

PLAINTIFF: Minter Field Airport District
DEFENDANT: SRT Helicopters

PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

CASE NUMBER: BCL-20-015015

For action filed *(check one)*:
[ ] before October 5, 2020
[X] on October 5, 2020, or later

*A plaintiff filing a complaint for unlawful detainer, or requesting any court action in an unlawful detainer proceeding filed before October 5, 2020, must complete all sections of this form applicable to the action. Filing this form complies with the requirement in Code of Civil Procedure section 1179.01.5(c).*

- *Serve this form with the summons.*
- *If a summons has already been served, then serve by mail or any other means of service authorized by law.*
- *If defendant has already answered, there is no requirement for defendant to respond to the supplemental allegations before trial.*

1. PLAINTIFF *(name each)*: Minter Field Airport District

alleges causes of action in the complaint filed in this action against DEFENDANT *(name each)*: SRT Helicopters

2. **Statutory cover sheet allegations** (Code Civ. Proc., § 1179.01.5(c))
   a. This action seeks possession of real property that is *(check all that apply)*: [ ] Residential [X] Commercial
   *(If "residential" is checked, complete items 3 and 4 and all remaining items that apply to this action. If only "commercial" is checked, no further items need to be completed except the signature and verification.)*
   b. This action is based, in whole or in part, on an alleged default payment of rent or other charges. [ ] Yes [ ] No

3. **Tenants subject to COVID-19 Tenant Relief Act of 2020** (Code Civ. Proc., § 1179.02(h))
   a. (1) One or more defendants in this action is a natural person: [ ] Yes [ ] No
   (2) Identify any defendant not a natural person:
   *(If no is checked, then no further items need to be completed except the signature and verification.)*
   b. (1) All defendants named in this action maintain occupancy as described in Civil Code section 1940(b). [ ] Yes [ ] No
   (2) Identify any defendant who does not:
   *(If yes is checked, then no further items need to be completed except the signature and verification.)*

Page 1 of 4

Form Adopted for Mandatory Use Judicial Council of California UD-101 [New October 5, 2020]

PLAINTIFF'S MANDATORY COVER SHEET AND SUPPLEMENTAL ALLEGATIONS—UNLAWFUL DETAINER

Code of Civil Procedure, § 1179.01 et seq. www.courts.ca.gov
Westlaw Doc & Form Builder

13 EXHIBIT B

UD-101

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters | CASE NUMBER: BCL-20-015015 |
|---|---|

4. **Federal law allegations**

a. *(Complete this item if action filed before December 31, 2020)* Defendant ☐ has ☐ has not provided a statement under penalty of perjury for the Centers for Disease Control and Prevention's order for *Temporary Halt in Evictions to Prevent Further Spread of COVID-19* (85 Federal Register 55292). *(Note to plaintiff: Proceeding in violation of the federal order may result in civil or criminal penalties.)*

b. This action ☐ does ☐ does not seek possession of a dwelling unit in property that has a federally backed multifamily mortgage for which forbearance has been granted under title 15 United States Code section 9057.

(1) Date forbearance began

(2) Date forbearance ended

5. ☐ **Unlawful detainer notice expired before March 1, 2020**
The unlawful detainer complaint in this action is based solely on a notice to quit, to pay or quit, or to perform covenants or quit, in which the time period specified in the notice expired before March 1, 2020. *(If this is the only basis for the action, no further items on this form need to be completed except the signature and verification on page 4. (Code Civ. Proc., § 1179.03.5(a)(1).))*

6. ☐ **Rent or other financial obligations due between March 1, 2020, and August 31, 2020 (protected time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due in the protected time period. *(Check all that apply.)*

a. ☐ Defendant *(name each)*:

was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

b. ☐ One or more defendants was served with the notice in item 6a on a different date or in a different manner, which service is described in attachment 8c.

c. ☐ Defendant *(name each)*:

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19–related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(b) and (d).

*(If the notice identified defendant as a* ***high-income tenant*** *and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

d. Response to notice *(check all that apply)*:

(1) ☐ Defendant *(name each)*:

delivered a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) ☐ Defendant *(name each)*:

did *not* deliver a declaration of COVID-19–related financial distress on landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

7. ☐ **Rent or other financial obligations due between September 1, 2020, and January 31, 2021 (the transition time period)**
The unlawful detainer complaint in this action is based, at least in part, on a demand for payment of rent or other financial obligations due during the transition time period.

a. ☐ Defendant *(name each)*:

was served the "Notice from the State of California" required by Code of Civil Procedure section 1179.04, and if more than one defendant, on the same date and in the same manner. *(Provide information regarding service of this notice in item 8 below.)*

UD-101

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters | CASE NUMBER: BCL-20-015015 |
|---|---|

7. b. [ ] One or more defendants was served with the notice in item 7a on a different date or in a different manner, which service is described in attachment 8c.

c. [ ] Defendant *(name each)*:

was served with at least 15 days' notice to pay rent or other financial obligations, quit, or deliver a declaration, and an unsigned declaration of COVID-19-related financial distress, in the form and with the content required in Code of Civil Procedure section 1179.03(c) and (d).

*(If the notice identified defendant as a* ***high-income tenant*** *and requested submission of documentation supporting any declaration the defendant submits, complete item 9 below. (Code Civ. Proc., § 1179.02.5(c).))*

*(If filing form UD-100 with this form and item 6c is checked, specify this 15-day notice in item 9a(7) on form UD-100, attach a copy of the notice to that complaint form, and provide all requested information about service on that form.)*

d. Response to notice *(check all that apply)*:

(1) [ ] Defendant *(name each)*:

delivered a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).)

(2) [ ] Defendant *(name each)*:

did *not* deliver a declaration of COVID-19–related financial distress on the landlord in the time required. (Code Civ. Proc., § 1179.03(f).))

e. [ ] Rent due *(complete only if action filed after January 31, 2021)*:

(1) Rent in the amount of $ was due between September 1, 2020 and January 31, 2021.

(2) Payment of $ for that period was received by January 31, 2021.

8. **Service of Code of Civil Procedure Section 1179.04 Notice From the State of California** *(check all that apply)*

a. [ ] The notice identified in item 6a and 7a was served on the defendant named in those items as follows:

(1) [ ] By personally handing a copy to defendant on *(date)*:

(2) [ ] By leaving a copy with *(name or description)*:
a person of suitable age and discretion, on *(date)*: at defendant's
[ ] residence [ ] business AND mailing a copy to defendant at defendant's place of residence.

(3) [ ] By posting a copy on the premises on *(date)*:
[ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date)*:

(a) [ ] because defendant's residence and usual place of business cannot be ascertained OR

(b) [ ] because no person of suitable age or discretion can be found there.

(4) [ ] By sending a copy by mail addressed to the defendant on *(date)*:

b. [ ] *(Name)*:
was served on behalf of all defendants who signed a joint written rental agreement.

c. [ ] Information about service of notice on the defendants alleged in items 6b and 7b is stated in Attachment 8c.

d. [ ] Proof of service of the notice or notices in items 6a, 6b, 7a, and 7b is attached to this form and labeled Exhibit 1.

9. [ ] **High-income tenant.** The 15-day notice in item 6c or 7c above identified defendant as a high-income tenant and requested submission of documentation supporting the tenant's claim that tenant had suffered COVID-19–related financial distress. Plaintiff had proof before serving that notice that the tenant has an annual income that is at least 130 percent of the median income for the county the rental property is located in and not less than $100,000. (Code Civ. Proc., § 1179.02.5.)

a. [ ] The tenant did not deliver a declaration of COVID-19–related financial distress within the required time. (Code Civ. Proc., § 1179.03(f).)

b. [ ] The tenant did not deliver documentation within the required time supporting that the tenant had suffered COVID-19–related financial distress as asserted in the declaration. (Code Civ. Proc., § 1179.02.5(c).)

UD-101

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters | CASE NUMBER: BCL-20-015015 |
|---|---|

10. ☐ **Just cause eviction.** (*Only applicable if action is filed before February 1, 2021. Note: If the tenancy is subject to the Tenant Protection Act of 2019 (including Civil Code section 1946.2), plaintiff must, if using form UD-100, complete item 8 on that form in addition to this item.)*

a. ☐ The tenancy identified in the unlawful detainer complaint in this action was terminated for at-fault just cause as defined in Civil Code section 1946.2(b)(1), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(i).)

b. ☐ The tenancy identified in the unlawful detainer complaint in this action was terminated for no-fault just cause as defined in Civil Code section 1946.2(b)(2), which reason is in the notice of termination. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).) *(Complete (1) or (2) below, only if applicable.)*

(1) ☐ The no-fault just cause is the intent to demolish or substantially remodel, which ☐ is ☐ is not necessary to comply with codes, statutes, or regulations relating to the habitability of the rental units. (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii).)

(2) ☐ The tenancy identified in the complaint in this action was terminated because the owner of the property has entered into a contract with a buyer who intends to occupy the property and the property ☐ does ☐ does not meets all the requirements of Civil Code section 1946.2(e)(8). (Code Civ. Proc., § 1179.03.5(a)(3)(A)(ii)(II).)

c. ☐ This action is based solely on the cause of termination checked in item 10a or b above, and is not for nonpayment of rent or other financial obligations. (*If this item applies, plaintiff may not recover any rental debt due from the period between March 1, 2020, and January 31, 2021, as part of the damages in this action.* (Code Civ. Proc., § 1179.03.5(a)(3)(B).))

11. ☐ **Rent or other financial obligations due after January 31, 2021.** (*Only applicable if action is filed on or after February 1, 2021.*) The only demand for rent or other financial obligations on which the unlawful detainer complaint in this action is based is a demand for payment of rent due after January 31, 2021.

12. ☐ Number of pages attached *(specify)*:

Date: November 30, 2020

Lauren N. Naworski, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME)

(SIGNATURE)

[Deemed Verified Under Code of Civil Procedure Section 446]

ELECTRONICALLY RECEIVED
2/5/2021 3:46 PM

UD-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, state bar number, and address*):
Brett A. Stroud, Esq., SBN 301777; Lauren N. Naworski, Esq., SBN 327351
Young Wooldridge, LLP
1800 30th Street, 4th Floor, Bakersfield, CA 93301

TELEPHONE NO.: (661) 327-9661 FAX NO. (*Optional*): (661) 327-1087
E-MAIL ADDRESS (*Optional*):
ATTORNEY FOR (*Name*): Minter Field Airport District

FOR COURT USE ONLY

FILED
KERN COUNTY SUPERIOR COURT
2/9/2021
BY Eagle, Jessica
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division - Limited Civil

PLAINTIFF: Minter Field Airport District
DEFENDANT: SRT Helicopters, LLC and DOES 1 to 10

**JUDGMENT—UNLAWFUL DETAINER**

[ ] **By Clerk** [x] **By Default** [ ] **After Court Trial**
[x] **By Court** [ ] **Possession Only** [ ] **Defendant Did Not Appear at Trial**

CASE NUMBER: BCL-20-015015

**JUDGMENT**

1. [x] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. [x] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [x] plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (*date and time*):
      before (*name of judicial officer*):
   b. Appearances by:
      [ ] Plaintiff (*name each*):
      [ ] Plaintiff's attorney (*name each*):
      (1)
      (2)

      [ ] Continued on *Attachment* 2b (form MC-025).

      [ ] Defendant (*name each*):
      [ ] Defendant 's attorney (*name each*):
      (1)
      (2)

      [ ] Continued on *Attachment* 2b (form MC-025).
   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was requested.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]

JUDGMENT—UNLAWFUL DETAINER

Code of Civil Procedure, §§ 415.46, 585(d), 664.6, 1169

1

EXHIBIT C

UD-110

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, LLC and DOES 1 to 10 | CASE NUMBER:<br>BCL-20-015015 |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [x] **THE COURT** [ ] **THE CLERK**

3. **Parties.** Judgment is
   a. [x] for plaintiff *(name each):* Minter Field Airport District

   and against defendant *(name each):* SRT Helicopters, LLC

   [ ] Continued on *Attachment* 3a (form MC-025).

   b. [ ] for defendant *(name each):*

4. [x] Plaintiff [ ] Defendant is entitled to possession of the premises located at *(street address, apartment, city, and county):* 5215 Minter Field Avenue, Shafter, CA 93263

5. [ ] Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. [x] Defendant named in item 3a above must pay plaintiff on the complaint:

| | |
|---|---|
| (1) [ ] Past-due rent | $ |
| (2) [x] Holdover damages | $ 2,310.12 |
| (3) [x] Attorney fees | $ 9,444.50 |
| (4) [x] Costs | $ 215.00 |
| (5) [ ] Other *(specify):* | $ |
| (6) **TOTAL JUDGMENT** | $ 11,969.62 |

   b. [ ] Plaintiff is to receive nothing from defendant named in item 3b.
   [ ] Defendant named in item 3b is to recover costs: $
   [ ] and attorney fees: $

   c. [ ] The rental agreement is canceled. [ ] The lease is forfeited.

7. [ ] **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in *Judgment—Unlawful Detainer Attachment* (form UD-110S), which is attached.

8. [ ] Other *(specify):*

   [ ] Continued on *Attachment* 8 (form MC-025).

Signed: 2/9/2021 02:54 PM

Date: 2/09/2021 [x] ______________________________
JUDICIAL OFFICER

Date: [ ] Clerk, by ______________________________, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________________, Deputy

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
12/11/2020 2:39 PM
Kern County Superior Court
By Gricelda Evans, Deputy

**NOTICE TO DEFENDANT:** SRT HELICOPTERS, a suspended California limited
***(AVISO AL DEMANDADO):*** liability company; and DOES 1 through 10.

**YOU ARE BEING SUED BY PLAINTIFF:** MINTER FIELD AIRPORT DISTRICT
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** , a Special district formed under the California Airport District Act

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Kern
Metropolitan Division - Limited Civil
1415 Truxtun Avenue, Bakersfield, CA 93301

CASE NUMBER: BCL-20-015272
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brett A. Stroud, Esq. & Lauren N. Naworski, Esq. of Young Wooldridge, LLP
1800 30th Street, 4th Floor, Bakersfield, CA 93301 661-327-9661

DATE: *(Fecha)* 12/11/2020 TAMARAH HARBER-PICKENS Clerk, by *(Secretario)* Gricelda Evans, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SRT Helicopters, LLC

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify):* Corp. Code 17701.16

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1 EXHIBIT D

Young Wooldridge, LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
Westchester Corporate Plaza • 1800 30th Street, Fourth Floor • Bakersfield, CA 93301-5298 • Telephone 661-327-9661 • Facsimile 661-327-1087 • http://www.youngwooldridge.com

ELECTRONICALLY FILED
12/1/2020 1:36 PM
Kern County Superior Court
By Gina Sala, Deputy

THE LAW OFFICES OF
Young Wooldridge, LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
Westchester Corporate Plaza
1800 30th Street, Fourth Floor Bakersfield, CA 93301-5298
Telephone 661-327-9661 Facsimile 661-327-1087
http://www.youngwooldridge.com
BRETT A. STROUD, ESQ., SBN 301777
LAUREN N. NAWORSKI, ESQ. SBN 327351

Attorneys for Plaintiff MINTER FIELD AIRPORT DISTRICT

**EXEMPT FROM FILING FEE [GOV. CODE §6103]**

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF KERN**

MINTER FIELD AIRPORT DISTRICT, a Special district formed under the California Airport District Act;

Plaintiff,

vs.

SRT HELICOPTERS, a suspended California limited liability company; and DOES 1 through 10.

Defendants.

Case No. BCL-20-015272

Limited Civil Case

Amount Demanded Does Not Exceed $10,000

**COMPLAINT FOR BREACH OF WRITTEN CONTRACT**

Plaintiff Minter Field Airport District (hereinafter referred to as "Plaintiff") alleges as follows:

1. Plaintiff is, and at all times mentioned herein, a public agency formed under the California Airport District Act.

2. Defendant SRT Helicopters (hereinafter referred to as "Defendant") is, and at all times mentioned herein, a suspended limited liability company organized and existing under the laws of the State of California.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate,

Young Wooldridge, LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
Westchester Corporate Plaza • 1800 30th Street, Fourth Floor • Bakersfield, CA 93301-5298 • Telephone 661-327-9661 • Facsimile 661-327-1087 • http://www.youngwooldridge.com

associate, or otherwise, of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and upon that basis alleges that each of the fictitiously named defendants is legally responsible in some manner for the damages and other wrongful conduct and occurrences alleged herein. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of said defendants, with appropriate charging allegations, when the same have been ascertained.

4. Unless otherwise alleged, any and all references in this complaint to defendants shall be read to include both named and fictitiously named defendants.

5. Plaintiff is informed and believes and upon that basis alleges that at all times herein mentioned, each defendant was the agent or employee of each of the remaining defendants, and in doing the things herein alleged, was acting in the course and scope of such agency and employment, and each defendant ratified and approved the acts and omissions of each of the other defendants alleged herein.

6. On or about March 1, 2018, Plaintiff and Defendant entered into a written contract ("Contract") in Kern County, California, which is attached hereto as Exhibit 1 and incorporated by reference herein. Under such Contract, Plaintiff and Defendant agreed that Plaintiff would lease Defendant the property located at 5215 Minter Field Avenue in the City of Shafter, County of Kern, State of California ("Plaintiff's Property"), for the purpose of operating a full-service helicopter company, in exchange for the monthly payment of $600.00 plus "all maintenance costs, including utilities, utility extension, and other services." The monthly utility costs are as follows: Sewer Fee – $12.84 (flat fee); Water Fee – $28.85 (flat fee); and Electrical Fee – varies each month dependent upon Defendant's previous month's usage.

7. On or about April 1, 2020, Defendant breached the Contract by failing to pay Plaintiff the monthly rental and utility payments due under the Contract.

8. Defendant has continued to not make monthly rental payments. As of the date of this Complaint, the total amount of unpaid rent and utility costs due and payable under the Contract is $4,204.55.

9. Paragraph 1 of the Contract provides, "If rent due is not paid within 30 days of

Young Wooldridge, LLP
A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
Westchester Corporate Plaza • 1800 30th Street, Fourth Floor • Bakersfield, CA 93301-5298 • Telephone 661-327-9661 • Facsimile 661-327-1087 • http://www.youngwooldridge.com

when due, a penalty of 5% of the amount due and unpaid shall be added to the amount due, and the total sum of the rent then due plus penalty shall be immediately due and payable."

10. The entire amount of unpaid rent alleged above was due and payable more than 30 days ago, therefore a penalty of 5% of the entire amount, or $210.23, is also due and payable.

11. Plaintiff has fully performed all of its obligations under the Contract.

12. As a direct and proximate legal result of the failure of Defendant to pay its monthly lease payments in breach of the above-alleged written Contract, Plaintiff has incurred compensatory damages totaling $4,414.78 and consequential damages in a sum to be proven at trial, which together shall be in a sum within the jurisdictional limits of this Court.

13. Plaintiff is entitled to recover reasonable attorney's fees and costs under paragraph 14 of the Contract: "If District has to resort to legal action to enforce any provision hereof or to obtain restitution hereunder, Lessee agrees to pay all costs and expenses of such action, including attorney's fees."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the court enter judgment for Plaintiff and award:

1. Compensatory damages of no less than $4,414.78 according to proof;
2. Consequential damages in an amount to be determined according to proof, but not to exceed the jurisdictional limits of this Court;
3. Prejudgment interest at the rate of 10% per annum;
4. Costs of suit incurred herein;
5. Attorney's fees according to proof; and
6. Such other and further relief as the court deems just and proper.

Dated: November 30, 2020

YOUNG WOOLDRIDGE, LLP

By: [signature]
Lauren N. Naworski, Attorneys for Plaintiff Minter Field Airport District

[Deemed Verified Under Code of Civil Procedure Section 446]

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Brett A. Stroud, SBN 301777; Lauren N. Naworski, Esq. SBN: 327351
THE LAW OFFICES YOUNG WOOLDRIDGE, LLP
1800 30th Street, 4th Floor, Bakersfield, CA 93301
TELEPHONE NO.: (661) 327-9661 FAX NO.: (661) 327-1087
ATTORNEY FOR *(Name):* Minter Field Airport District

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division - Limited Civil

CASE NAME: Minter Field Airport District v. SRT Helicopters, LLC

FOR COURT USE ONLY
ELECTRONICALLY FILED
12/1/2020 1:36 PM
Kern County Superior Court
By Gina Sala, Deputy

**CIVIL CASE COVER SHEET**
[ ] Unlimited (Amount demanded exceeds $25,000)
[X] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BCL-20-015272
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 30, 2020

Lauren N. Naworski, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

5 EXHIBIT D

ELECTRONICALLY RECEIVED
3/2/2021 2:03 PM

JUD-100

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Brett A. Stroud, Esq., SBN 301777; Lauren N. Naworski, Esq., SBN 327351
Young Wooldridge, LLP
1800 30th Street, 4th Floor, Bakersfield, CA 93301

TELEPHONE NO.: (661) 327-9661 FAX NO. (Optional): (661) 327-1087
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Minter Field Airport District

FOR COURT USE ONLY

FILED
KERN COUNTY SUPERIOR COURT
3/3/2021
BY Gloria, Teresa
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS: 1415 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division - Limited Civil

PLAINTIFF: Minter Field Airport District
DEFENDANT: SRT Helicopters, et al.

CASE NUMBER: BCL-20-015272

**JUDGMENT**

[ ] By Clerk [x] By Default [ ] After Court Trial
[x] By Court [ ] On Stipulation [ ] Defendant Did Not Appear at Trial

**JUDGMENT**

1. [x] **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. [ ] **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. [x] **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) [ ] plaintiff's testimony and other evidence.
      (2) [x] plaintiff's written declaration (Code Civ. Proc., § 585(d)).
2. [ ] **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. [ ] the signed written stipulation was filed in the case.
   c. [ ] the stipulation was stated in open court [ ] the stipulation was stated on the record.
3. [ ] **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      [ ] Plaintiff *(name each):*
      (1)
      (2)
      [ ] Plaintiff's attorney *(name each):*
      (1)
      (2)
      [ ] Continued on Attachment 3b.
      [ ] Defendant *(name each):*
      (1)
      (2)
      [ ] Defendant 's attorney *(name each):*
      (1)
      (2)
      [ ] Continued on Attachment 3b.
   c. [ ] Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. [ ] A statement of decision (Code Civ. Proc., § 632) [ ] was not [ ] was requested.

JUD-100

| PLAINTIFF: Minter Field Airport District<br>DEFENDANT: SRT Helicopters, a suspended California limited liability company; and DOES 1 to 1( | CASE NUMBER:<br>BCL-20-015272 |
|---|---|

**JUDGMENT IS ENTERED AS FOLLOWS BY:** [X] **THE COURT** [ ] **THE CLERK**

4. [ ] **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. [x] for plaintiff *(name each):*
Minter Field Airport District, a Special district formed under the California Airport District Act
and against defendant *(names):*
SRT Helicopters, a suspended California limited liability company
[ ] Continued on Attachment 5a.

c. [ ] for cross-complainant *(name each):*
and against cross-defendant *(name each):*
[ ] Continued on Attachment 5c.

b. [ ] for defendant *(name each):*

d. [ ] for cross-defendant *(name each):*

6. **Amount.**

a. [x] Defendant named in item 5a above must pay plaintiff on the complaint:

| | |
|---|---|
| (1) [x] Damages | $ 4,414.78 |
| (2) [ ] Prejudgment interest at the annual rate of % | $ |
| (3) [x] Attorney fees | $ 2,956.00 |
| (4) [x] Costs | $ 45.00 |
| (5) [ ] Other *(specify):* | $ |
| (6) **TOTAL** | $ 7,415.78 |

c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | |
|---|---|
| (1) [ ] Damages | $ |
| (2) [ ] Prejudgment interest at the annual rate of % | $ |
| (3) [ ] Attorney fees | $ |
| (4) [ ] Costs | $ |
| (5) [ ] Other *(specify):* | $ |
| (6) **TOTAL** | $ |

b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
[ ] Defendant named in item 5b to recover costs $
[ ] and attorney fees $

d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
[ ] Cross-defendant named in item 5d to recover costs $
[ ] and attorney fees $

7. [ ] Other *(specify):*

Signed: 3/3/2021 03:06 PM

Date: 3/03/2021 [X] ______________________ JUDICIAL OFFICER

Date: [ ] Clerk, by ______________________, Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*
I certify that this is a true copy of the original judgment on file in the court.

Date:

Clerk, by ______________________, Deputy

SRT HELICOPTERS
SPECIALIZED RESPONSE TRAINING
1105 DOUGLAS ST. #400
BAKERSFIELD, CA 93308
(661) 393-4567

CITIZENS BUSINESS BANK
3803 RIVERLAKES DR.
BAKERSFIELD, CA 93312
90-3414/1222

6203

2/5/2021

PAY TO THE ORDER OF Minter Field Airport District $ 800.00

Eight Hundred and 00/100 DOLLARS

VOID IF NOT CASHED IN 90 DAYS

MEMO Rent

AUTHORIZED SIGNATURE

XXXXXXXXXXXXXXXXXXXXXXXXXXXX

6203 $800.00 4/20/2021

XXXXXXXXXXX 04-19-2021 >XXXXXX
Mission Bank
Bakersfield, CA

PAY TO THE ORDER OF
MISSION BANK
FOR DEPOSIT ONLY
MINTER FIELD
AIRPORT DISTRICT

6203 $800.00 4/20/2021

1

**EXHIBIT F**