D. MAX GARDNER, ESQ. (SBN 132489)
D. MAX GARDNER, ATTORNEY-AT-LAW
930 Truxtun Ave, Ste 203
Bakersfield, CA 93301-4700
Telephone: (661) 864-7373
Facsimile: (661) 864-7366
Email: dmgardner@dmaxlaw.com

BRETT A. STROUD, ESQ. (SBN 301777)
LAUREN N. NAWORSKI, ESQ. (SBN 327351)
THE LAW OFFICES OF YOUNG WOOLDRIDGE, LLP
1800 30th Street, Fourth Floor
Bakersfield, CA 93301
Telephone: (661) 327-9661
Facsimile: (661) 327-0720
Email: bstroud@youngwooldridge.com
       lnaworski-smith@youngwooldridge.com

Attorneys for Defendant
MINTER FIELD AIRPORT DISTRICT

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Christian Gadbois,<br><br>Debtor | Chapter 13<br>Case No. 2:19-bk-10187-VZ<br>Adv. No. 2:21-ap-01158-VZ |
| Christian Gadbois,<br><br>Plaintiff<br><br>v.<br><br>Minter Field Airport District, a special district formed under the California Airport District Act; and Does 1-5, Inclusive<br><br>Defendants | **ANSWER TO COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND RECOVERY OF PROPERTY OF ESTATE**<br><br>Status Conference:<br>Date: September 30, 2021<br>Time: 10:30 a.m.<br>Place: Ctrm. 1368, 255 E. Temple Street, Los Angeles, CA 90012 |

15900-20\00229165.000                           1

Answer To Complaint For Violation Of Automatic Stay And Recovery Of Property Of Estate

Defendant Minter Field Airport District ("Defendant") hereby answers the "Complaint for Violation of Automatic Stay; Recovery of Property of Estate," filed July 21, 2021 ("Complaint"). Pursuant to Federal Rule of Civil Procedure 8(b)(3), Defendant denies each and every allegation contained in the Complaint except those expressly admitted below and denies that Plaintiff is entitled to any relief.

## ADMISSIONS AND DENIALS

1. Defendant does not consent to entry of final orders or judgment by the bankruptcy court.

2. As to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. As to paragraph 2 of the Complaint, Defendant admits the allegations in this paragraph.

4. As to paragraph 3 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. As to paragraph 4 of the Complaint, Defendant denies the allegations in this paragraph.

6. As to paragraph 5 of the Complaint, this paragraph contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

7. As to paragraph 6 of the Complaint, this paragraph contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

8. As to paragraph 7 of the Complaint, Defendant hereby repeats, realleges, and incorporates by reference the preceding paragraphs of this Answer.

9. As to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. As to paragraph 9 of the Complaint, Defendant admits that on March 1, 2018 it entered a lease with SRT Helicopter for the premises located at 5215 Minter Field Avenue, Kern

1  County, California. Defendant denies that said lease was made with Mr. Gadbois as an individual
2  and denies that "SRT Helicopter" was at any time a "dba" for Mr. Gadbois.

3     11.    As to paragraph 10 of the Complaint, Defendant denies the allegations of the
4  Complaint because it denies that Mr. Gadbois, as an individual, was a party to the lease.

5     12.    As to paragraph 11 of the Complaint, Defendant admits that it filed Kern County
6  Superior Court Case BCL-20-015015 on December 7, 2020. Defendant denies that this filing was
7  "in an attempt to subvert Gadbois' bankruptcy stay" and denies that Mr. Gadbois was the "proper
8  party" or had a "dba."

9     13.    As to paragraph 12 of the Complaint, Defendant admits the allegations in this
10 paragraph.

11    14.    As to paragraph 13 of the Complaint, Defendant admits the allegations in this
12 paragraph except that it denies SRT Helicopters, LLC was "not a party to the Lease."

13    15.    As to paragraph 14 of the Complaint, this paragraph contains legal contentions
14 that do not require a response. To the extent a response is required, Defendant denies those
15 contentions.

16    16.    As to paragraph 15 of the Complaint, the Complaint in Kern County Superior
17 Court Case BCL-20-015272 speaks for itself, and Defendant admits only that Exhibit D to the
18 Complaint appears to be a copy of the Summons and Complaint in that action.

19    17.    As to paragraph 16 of the Complaint, Defendant admits the allegations in this
20 paragraph.

21    18.    As to paragraph 17 of the Complaint, Defendant admits that it received and cashed
22 the check, which it credited against the back rent owed on the lease, which had been terminated.

23    19.    As to paragraph 18 of the Complaint, Defendant admits that it has denied Mr.
24 Gadbois access to the premises since the Kern County Sheriff performed a lockout pursuant to
25 the Writ of Possession in Kern County Superior Court Case BCL-20-015015 on March 24, 2021.

26    20.    As to paragraph 19 of the Complaint, Defendant denies the allegations in this
27 paragraph.

28    21.    As to paragraph 20 of the Complaint, Defendant lacks knowledge or information

sufficient to form a belief about the truth of the allegations in this paragraph.

22. As to paragraph 21 of the Complaint, Defendant hereby repeats, realleges, and incorporates by reference the preceding paragraphs of this Answer.

23. As to paragraph 22 of the Complaint, Defendant denies the allegations in this paragraph.

24. As to paragraph 23 of the Complaint, Defendant denies the allegations in this paragraph. This paragraph also contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

25. As to paragraph 24 of the Complaint, Defendant denies the allegations in this paragraph.

26. As to paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. As to paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. As to paragraph 27 of the Complaint, Defendant denies the allegations in this paragraph. This paragraph also contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

29. As to paragraph 28 of the Complaint, Defendant hereby repeats, realleges, and incorporates by reference the preceding paragraphs of this Answer.

30. As to paragraph 29 of the Complaint, this paragraph contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

31. As to paragraph 30 of the Complaint, Defendant denies the allegations in this paragraph.

32. As to paragraph 31 of the Complaint, Defendant denies the allegations in this paragraph. This paragraph also contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

33. As to paragraph 32 of the Complaint, Defendant denies the allegations in this

paragraph. This paragraph also contains legal contentions that do not require a response. To the extent a response is required, Defendant denies those contentions.

34. The remainder of the Complaint constitutes Plaintiff's prayer for relief to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant denies any and all allegations in the Complaint, whether express or implied, not otherwise specifically admitted herein.

## AFFIRMATIVE DEFENSES

35. Defendant alleges the following as separate, affirmative defenses.

### First Affirmative Defense
### (Failure to State a Claim)

36. The Complaint, and each "claim for relief" alleged therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Statute of Limitations)

37. The Complaint, either in whole or in part, is barred by one or more applicable statutes of limitations.

### Third Affirmative Defense
### (Failure to Present Claim)

38. The Complaint, either in whole or in part, is barred by Plaintiff's failure to present a claim to Defendant under the California Government Claims Act.

### Fourth Affirmative Defense
### (Improper Remedies)

39. The Complaint seeks remedies, including reinstatement of a terminated lease, that are not authorized in law or equity.

### Fifth Affirmative Defense
### (Bona Fide Purchasers)

40. The Complaint seeks to reinstate a lease for premises that have subsequently been leased to another tenant. The tenant has relied in good faith on its lease, and reinstatement of the

terminated lease would improperly prejudice those third-party rights.

## Sixth Affirmative Defense

### (Claim and Issue Preclusion)

41. The Complaint, in whole or in part, is barred by the doctrines of claim and issue preclusion.

## Seventh Affirmative Defense

### (Laches)

42. The Complaint, in whole or in part, is barred by the doctrine of laches, because Plaintiff unreasonably delayed in asserting the claims alleged in the Complaint, to the prejudice of Defendant and various third parties.

## Reservation of Right

43. Defendant has insufficient knowledge or information on which to form a belief as to whether Defendant has any additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event further proceedings indicate it would be appropriate.

## **PRAYER FOR RELIEF**

44. Defendants respectfully pray for judgment as follows:

   a. That Plaintiff take nothing by his Complaint,

   b. That Defendant be awarded its costs of suit, and

   c. That Defendant be awarded such further relief as the Court deems just and proper.

Dated: August 23, 2021        THE LAW OFFICES OF YOUNG WOOLDRIDGE, LLP

By: _____
BRETT A. STROUD
LAUREN N. NAWORSKI
*Attorneys for Defendant Minter Field Airport District*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1800 30th Street, 4th Floor, Bakersfield, CA 93301**

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT FOR VIOLATION OF AUTOMATIC STAY AND RECOVERY OF PROPERTY OF ESTATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 23, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**n/a**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 23, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

VIA U.S CERTIFIED MAIL
Debtor
c/o Michael F. Chekian, Esq.
Chekian Law Office, Inc.
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 23, 2021 | Kristen L. Moen | /s/ Kristen L. Moen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**