Michael F. Chekian, Esq. SBN 165026
Chekian Law Office, Inc.
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
(310) 390-5529-Voice
(310) 451-0739-Facsimile
mike@cheklaw.com-Email

Attorneys for Plaintiff Christian Gadbois

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>Christian Gadbois,<br><br>               Debtor<br><br>Christian Gadbois,<br><br>               Plaintiff<br><br>v.<br><br>Minter Field Airport District, a special district formed under the California Airport District Act; and Does 1-5, Inclusive<br><br>               Defendants | **Chapter 13**<br>**Case No.:  2:19-bk-10187-VZ**<br>**Adv. No.:  2:21-ap-01158-VZ**<br><br>**DECLARATION OF MICHAEL CHEKIAN REGARDING PRE-TRIAL STIPULATION**<br><br>**Pre-Trial Conference:**<br>**Date:  May 26, 2022**<br>**Time:  11:00 a.m.**<br>**Place:  Zoom Government or Ctrm. 1368, 255 E. Temple Street, Los Angeles, CA 90012** |

**TO:  HON. VINCENT ZURZOLO AND DEFENDANT:**

Plaintiff Christian Gadbois ("Plaintiff") hereby submits the attached declaration of Plaintiff's counsel Michael Chekian regarding the pre-trial stipulation relating to the above referenced pre-trial conference.

Dated:  May 20, 2022

/s/ Michael F. Chekian_____
Michael F. Chekian
Chekian Law Office
Attorneys for Plaintiff

1

## DECLARATION OF MICHAEL CHEKIAN

## REGARDING PRE-TRIAL STIPULATION

I, Michael Chekian, am an attorney duly licensed to practice law in the Central District of California.  I do hereby declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge and belief, and if called upon as a witness, I could and would personally testify under oath in a court of law to the truthfulness of each of the below facts.

1. I am the attorney for the debtor and plaintiff herein, Christian Gadbois ("Plaintiff") in the pending adversary proceeding ("Adversary") against Minter Field Airport District ("Defendant"), case number 2:21-ap-01158-VZ.

2. In this Adversary, the pre-trial Conference ("Pre-Trial Conference") is scheduled for May 26, 2022 at 11:00 a.m.

3. By the Court's amended scheduling order entered on November 24, 2021 as docket 18 ("Scheduling Order"), all discovery was to be completed by March 1, 2022 and the last day for pre-trial motions to be heard was April 1, 2022.

4. Defendant's counsel and I agreed to a late deposition of Plaintiff which occurred on March 29, 2022.  In and around that date, Defendant's counsel Brett Stroud and I tentatively agreed to stipulate to a continuance of the litigation deadlines in this matter to allow Plaintiff to access his files being held in closed storage by Defendant, containing relevant files to prove up his alleged damages. However, I later determined it was too late to file this pre-trial motion per the Scheduling Order's April 1 motion hearing deadline.

5. Due to my late determination of the motion deadline, I was also late in setting up the pre-trial conference and sending the proposed pre-trial stipulation ("Pre-Trial Stipulation") to Defendant's counsel as required by the Local Rules.  I did send the proposed Pre-Trial Stipulation plus Plaintiff's proposed exhibits to Defendant's counsel this week and also spoke with Defendant's counsel Brett Stroud about the Pre-Trial Stipulation on May 19, 2022.  A true and correct copy of Plaintiff's proposed Pre-Trial Stipulation is attached hereto as Exhibit A.

6. Mr. Stroud told me yesterday that he would send his edits to the Pre-Trial Stipulation by today.  I expect we should be able to file the Pre-Trial Stipulation by Monday, May 23, 2022.

7. I intend to file a motion to continue the May 26, 2022 Pre-Trial Conference on Monday, May 23, 2022 to allow the Court ample time to review the Pre-Trial Stipulation.

8. I sincerely apologize to the Court and to Defendant's counsel for my lateness with respect to the Pre-Trial Conference deadlines.


I do hereby declare under the penalty of perjury and pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration is executed this 20TH day of May, 2022, at Los Angeles, California.

_/s/ Michael Chekian_____
Michael Chekian

Declaration - 2

Michael F. Chekian, SBN 165026
Chekian Law Office
445 South Figueroa St., Ste. 3100
Los Angeles, CA  90071
Voice (310) 390-5529
Facsimile (310) 451-0739
Email mike@cheklaw.com

Attorney for Plaintiff Christian Gadbois

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re CHRISTIAN F.C. GADBOIS,<br><br>      Debtor<br><br>-------------------------------------------------<br><br>CHRISTIAN F.C. GADBOIS,<br><br>      Plaintiff,<br><br>      v.<br><br>MINTER FIELD AIRPORT DISTRICT, a<br>special district formed under the California<br>Airport District Act,<br><br>      Defendant | Chapter 13<br>Bk. No. 2:19-bk-10187-VZ<br>Adv. No. 2:21-ap-01158-VZ<br><br>**PRE-TRIAL STIPULATION ON COMPLAINT FOR VIOLATION OF AUTOMATIC STAY; RECOVERY OF PROPERTY OF ESTATE**<br><br>**Pre-Trial Conference**<br>**DATE:** **May 26, 2022**<br>**TIME:** **11:00 a.m.**<br>**PLACE:** **Ctrm. 1368, 255 E. Temple Street Roybal Federal Building Los Angeles, CA  90012** |

**TO:  HON. JUDGE VICTOR ZURZOLO, INTERESTED PARTIES:**

      Christian C. Gadbois, debtor and plaintiff in this adversary proceeding ("Plaintiff") and Minter Field Airport District, a special district formed under the California Airport District Act, defendant in this adversary proceeding ("Defendant") SUBMIT THE FOLLOWING PRE-TRIAL STIPULATION through their respective counsels pursuant to Local Bankruptcy Rule 7016-1(b)(2).

///

-1-

EXHIBIT A

## I.  UNDERLYING ISSUES OF FACT COMMON TO ALL CLAIMS FOR RELIEF

A.  Plaintiff filed a petition for relief under Chapter 13 on January 9, 2019 ("Bankruptcy").  The Bankruptcy is currently open and pending.  Debtor's confirmed plan provides that 100% of Gadbois' allowed claims be paid in full.

Not Contested.

B.  Plaintiff commenced this adversary proceeding by filing a complaint on July 21, 2021 ("Adversary Complaint").

Not Contested

C.  Defendant is an entity, a special district formed under the California Airport District Act.

Not Contested

D.  After the Bankruptcy filing date, in or around April 1, 2020, Lease payments were delinquent ("Default").

Not Contested

E.  On December 7, 2020, Defendant filed an unlawful detainer lawsuit based on  the Lease Default not against Plaintiff, but listing as the defendant SRT Helicopters, LLC ("SRT LLC") in Kern County Superior Court as case number BCL-20-015015 ("Eviction Lawsuit").

Not Contested

F. On February 9, 2021, Defendant obtained a default judgment in the Eviction Lawsuit against SRT LLC in amount of $11,969.62, consisting of $2,310.12 holdover damages, $9,444.50 attorney fees and $215 costs ("Eviction Judgment").

Not Contested

G. On December 11, 2020, Defendant filed a second lawsuit, this time for breach of contract based on the Lease, again not against Plaintiff, but against SRT LLC in Kern County Superior Court as case number BCL-20-015272 ("Civil Lawsuit").

Not Contested

H. Plaintiff is or was the sole manager of SRT LLC.

Not Contested

**EXHIBIT A**

I. Defendant alleged at paragraph 12 in the Civil Lawsuit that based on the Lease, SRT LLC failed to pay unpaid rent and costs and total compensatory damages of $4,414.78 plus consequential damages.

Not Contested

J. Defendant obtained a default judgment against SRT LLC in the Civil Lawsuit entered on March 3, 2021 by default in amount of $7,415.78 ("Civil Judgment"), comprised of $4,414.78 in damages, $2,956 attorney fees and $45 costs.

Not Contested

K. After the entry of the aforementioned Eviction Judgment and Civil Judgment, Plaintiff tendered and Defendant accepted a rent check for the Premises in amount of $800 cashed by the bank on April 19, 2021.

Not Contested

L. Defendant locked the doors and prevented Plaintiff's access to the Premises since The Kern County Sheriff performed a lockout pursuant to a writ of possession issued in the Eviction Lawsuit.

Not Contested

M1. Defendant currently holds Plaintiff's property formerly in the Premises in Defendant's storage facility. After the Adversary Complaint was filed, some of Plaintiff's property formerly in the Premises was returned to Plaintiff by Defendant's representative.

Not Contested

M2. Defendant was on notice of Plaintiff's Bankruptcy since at least January 12, 2021 when Plaintiff's lawyer wrote Defendant's lawyer.

Not Contested.

N. Plaintiff: The Bankruptcy is currently open and pending. Plaintiff's confirmed plan provides that 100% of Plaintiff's allowed claims be paid in full.

Contested

**EXHIBIT A**

1    Plaintiff:

2    Evidence:

3        Testimony of Plaintiff

4        Plaintiff's Exhibit 1: Bankruptcy docket of Plaintiff

5        Exhibit 2: Order confirming Plaintiff's Bankruptcy plan

6    Defendant:

7    Evidence:

8        Defendant's Exhibit --:

9    O.  Plaintiff:  Plaintiff is the lessee under a commercial month to month lease with

10   Defendant as lessor dated March 1, 2018 ("Lease") wherein in exchange for payment of $600 per

11   month plus utilities, Plaintiff would have use of an office space at 5215 Minter Field Avenue in

12   the city of Shafer, Kern County California ("Premises") in order to operate a helicopter

13   company, a sole proprietorship company named SRT Helicopters operated under Gadbois'

14   personal tax identification number.

15                Contested

16   Plaintiff:

17   Evidence:

18        Testimony of Plaintiff

19        Testimony of Defendant's agent Jonathan Hudson

20        Exhibit 3:  Lease

21        Exhibit 4:  Defendant's notice to Plaintiff terminating Lease

22        Exhibit 5:  Plaintiff's 2017 tax returns excerpt

23        Exhibit 6: Plaintiff's 2018 tax returns excerpt

24        Exhibit 7:  Plaintiff's 2017 SRT fictitious business name statement, Kern County

25   Defendant:

26   Evidence:

27   P.  Plaintiff:  The Eviction Lawsuit by Defendant against SRT LLC was an attempt to

28   unlawfully evict Plaintiff from the Premises during the pendency of his Bankruptcy.

**4**                                    **EXHIBIT A**

1          Contested

2      Plaintiff:

3      Evidence:

4          Testimony of Plaintiff

5          Testimony of Defendant by Jonathan Hudson

6          Exhibit 1: Bankruptcy docket

7          Exhibit 3: Lease

8          Exhibit 4:  Eviction Notice

9          Exhibit 8: Eviction summons and complaint

10          Exhibit 9: Eviction Judgment

11          Exhibit 10:  Eviction writ of possession

12          Exhibit 11:  Bankruptcy petition

13          Exhibit 14:  Bankruptcy notice to Defendant's lawyers and their response

14      Defendant:

15      Evidence:

16      Q.  Plaintiff: The Civil Lawsuit by Defendant against SRT LLC was an attempt to collect

17  Plaintiff's pre-petition debt or to exercise possession and/or control of property of Plaintiff's

18  bankruptcy estate during the pendency of his Bankruptcy.

19          Contested

20      Plaintiff:

21      Evidence:

22          Testimony of Plaintiff

23          Testimony of Defendant's most knowledgeable witness Jonathan Hudson

24          Exhibit 1:  Bankruptcy docket

25          Exhibit 3:  Lease

26          Exhibit 4:  Defendant's notice terminating Lease

27          Exhibit 5: 2017 tax return

28          Exhibit 6: 2018 tax return

1            Exhibit 11 Bankruptcy petition

2            Exhibit 12:  Civil Judgment

3            Exhibit 13 Civil Judgment docket

4            Exhibit 14: Bankruptcy notice to Defendant's lawyers

5            Exhibit 19: Amended Bankruptcy schedules

6            Exhibit 20: Bankruptcy schedules and statement of affairs

7     Defendant:

8     Evidence:

9 **II.  CLAIMS FOR RELIEF**

10     A.  First Claim:  Defendant violated the automatic stay of Plaintiff's Bankruptcy

11 (362(a)))

12     1. ELEMENTS OF THE CLAIM

13     a.     A bankruptcy stay under 11 USC Section 362(a) existed since the filing of

14 Plaintiff's Bankruptcy on January 9, 2019 until present.

15     Not contested

16     b.     The Lease was a pre-petition debt incurred by Plaintiff and Defendant was a

17 creditor of Plaintiff.  The Lease Premises contained property of Plaintiff's Bankruptcy estate.

18     Contested

19     Plaintiff:

20     Evidence:

21     Testimony of Plaintiff

22     Testimony of Defendant's agent Jonathan Hudson

23     Exhibit 1:  Bankruptcy docket

24     Exhibit 3:  Lease

25     Exhibit 4:  Notice terminating Lease

26     Exhibit 5:  Plaintiff's 2017 tax returns

27     Exhibit 6:  Plaintiff's 2018 tax returns

28     Exhibit 19:  Amended Bankruptcy Schedules

**EXHIBIT A**

1           Exhibit 20:  Bankruptcy schedules and statement of affairs

2    Defendant:

3    Evidence:

4

5        c.    Defendant knowingly and repeatedly violated Plaintiff's Bankruptcy stay in its

6    efforts to collect the Lease debt.

7           Contested

8        Plaintiff:  Defendant actively pursued 2 lawsuits regarding the Lease Default, locking

9    him out of the Premises even after receiving notice of the Bankruptcy.  Defendant continues to

10   hold property of the Bankruptcy estate in its closed storage and refuses to give possession of all

11   of Plaintiff's property to Plaintiff.

12       Evidence:

13          Testimony of Plaintiff

14          Testimony of Defendant's agent Jonathan Hudson

15          Exhibit 1:  Bankruptcy docket

16          Exhibit 3:  Lease

17          Exhibit 4:  Defendant's notice terminating Lease

18          Exhibit 8:  Eviction summons and complaint

19          Exhibit 9:  Eviction judgment

20          Exhibit 10:  Eviction writ of possession document

21          Exhibit 12:  Civil Judgment

22          Exhibit 13:  Civil Judgment docket

23          Exhibit 14:  Bankruptcy notice to Defendant and response

24          Exhibit 17:  Defendant's amended answer to adversary complaint

25          Exhibit 22:  Declaration regarding Civil Judgment

26   Defendant:

27   Evidence:

28

**EXHIBIT A**

d.      Defendant coerced and harassed Plaintiff in its efforts to collect the Lease debt.

Contested

Plaintiff:  After receiving notice of the Bankruptcy, Defendant refused to vacate its 2 judgments for Eviction and for the Civil Lawsuit money judgment against SRT LLC and refused to give full access to Plaintiff's business property.

Evidence:

Testimony of Plaintiff

Testimony of  Defendant's witness Jonathan Hudson

Exhibit 1:  Bankruptcy docket

Exhibit 3:  Lease

Exhibit 4:  Defendant's notice terminating Lease

Exhibit 8:  Eviction summons and complaint

Exhibit 9:  Eviction judgment

Exhibit 10:  Eviction writ of possession document

Exhibit 12:  Civil Judgment

Exhibit 13:  Civil Judgment docket

Exhibit 14:  Bankruptcy notice to Defendant and response

Exhibit 17:  Defendant's amended answer to adversary complaint

Exhibit 22:  Declaration regarding Civil Judgment

Defendant:

Evidence:



B.   Second Claim:  Plaintiff can recover property of the estate against Defendants (1306(a)(1), 541(a)(2))

1. ELEMENTS OF THE CLAIM

a.      The Premises contained Plaintiff's pre-petition property of his Bankruptcy estate, controlled by and in possession of Defendant.

Contested

Plaintiff:  Defendant refused and continues to refuse to return all of Plaintiff's property

which it is holding in closed storage.

Testimony of Plaintiff

Testimony of Defendant's agent, Jonathan Hudson

Evidence:

Exhibit 5:  Plaintiff's 2017 tax returns

Exhibit 6: Plaintiff's 2018 tax returns

Exhibit 7:  Plaintiff's 2017 SRT fictitious business name statement

Exhibit 9:  Eviction Judgment

Exhibit 10: Eviction writ of possession document

Exhibit 14:  Letter to Defendant's lawyers and their response

Exhibit 17:  Defendant's amended answer to Plaintiff's adversary complaint

Exhibit 19:  Amended Bankruptcy schedules

Exhibit 20:  Original bankruptcy schedules and statement of affairs

Defendant:

Testimony of:

Evidence:

## III.  REMEDIES

A.  Money Damages

1.  By reason of Defendant's actions, Plaintiff has been damaged in the sum to be

determined for reasonable attorney fees and costs he incurred pursuant to Bankruptcy

Code Section 362(k).

Contested

Plaintiff:  Defendant violated the bankruptcy stay after being notified of its

existence.  Defendant chose to sue Plaintiff two times under his SRT LLC name

in a thinly veiled effort to subvert the Bankruptcy stay.

Evidence

    Testimony of Plaintiff

    Testimony of Defendant's most knowledgeable witness Jonathan Hudson

    Exhibit 3:  Lease

    Exhibit 4:  Defendant's notice to Plaintiff terminating Lease

    Exhibit 5:  Plaintiff's 2017 tax returns excerpt-just the federal return

    Exhibit 6: Plaintiff's 2018 tax returns excerpt-just the federal return

    Exhibit 7:  Plaintiff's 2017 SRT fictitious business name statement, Kern County

    Exhibit 8:  Eviction summons and complaint, Case. #BCL-20015015

    Exhibit 9:  Eviction Judgment

    Exhibit 10:  Eviction writ of possession

    Exhibit 11:  Bankruptcy petition-just the petition only, about 8 pages

    Exhibit 12:  Civil Judgment, Case #BCL-20-015272

    Exhibit 13 Civil Judgment docket

    Exhibit 14:  Bankruptcy notice to Defendant's lawyers and their response

    Exhibit 19:  Amended Bankruptcy schedules

    Exhibit 20:  Original bankruptcy schedules and statement of affairs

Defendant:

Evidence:

2.  By reason of Defendant's actions, Plaintiff has been damaged in an undetermined
    amount of loss of business opportunities because he lost access to his files and
    business property in the Premises from which he was locked out in the Eviction
    Lawsuit.

Contested

Plaintiff:  Defendant executed the Lease of the Premises pre-petition with Defendant as
lessor, fell behind on his month to month rent post-petition, and despite being giving notice of

EXHIBIT A

the Bankruptcy, Defendant continued with its efforts to sue the non-party SRT LLC, obtained a

lockout order, locked Plaintiff out of the Premises, moved all his business equipment, files and

inventory to a closed storage, only allowing some limited access until very late in this litigation.

Evidence:

Testimony of Plaintiff

Testimony of Defendant's most knowledgeable witness Jonathan Hudson

Exhibit 8:  Eviction summons and complaint

Exhibit 9:  Eviction Judgment

Exhibit 10:  Eviction writ of possession

Exhibit 11:  Bankruptcy petition

Exhibit 12:  Civil Judgment, Case #BCL-20-015272

Exhibit 13 Civil Judgment docket

Exhibit 14:  Bankruptcy notice to Defendant's lawyers/ response


Defendant:

Evidence:

Testimony of


3. Defendant acted with callous disregard by suing SRT LLC twice, by locking Plaintiff

out of his Premises, by denying him access to his business inventory and implements,

justifying an award of punitive damages under Bankruptcy Code Section 362(k).

Contested

Plaintiff: Defendant executed the Lease of the Premises pre-petition with

Defendant as lessor, fell behind on his month to month rent post-petition, and

despite being giving notice of the Bankruptcy, Defendant continued with its

efforts to sue the non-party SRT LLC, obtained a lockout order, locked Plaintiff

out of the Premises, moved all his business equipment, files and inventory to a

closed storage, only allowing some limited access until very late in this litigation.

**EXHIBIT A**

1          Evidence

2                      Testimony of Plaintiff

3                      Testimony of Defendant's agent Jonathan Hudson

4                      Exhibit 8:  Eviction summons and complaint

5                      Exhibit 9:   Eviction Judgment

6                      Exhibit 10:  Eviction writ of possession

7                      Exhibit 11:  Bankruptcy petition

8                      Exhibit 12:  Civil Judgment, Case #BCL-20-015272

9                      Exhibit 13 Civil Judgment docket

10                     Exhibit 14:  Bankruptcy notice to Defendant's lawyers/ response

11                     Exhibit 22:  Defendant declaration for Civil Judgment

12                     Exhibit 23:  Defendant 2020 revenue

13                     Exhibit 24:  Defendant's insurance information 2020-2022

14

15          Defendant:

16          Testimony of

17          Evidence

18

19

20   **IV.  AFFIRMATIVE DEFENSES**

21          A.  FIRST AFFIRMATIVE DEFENSE:

22              1.  Elements of the Affirmative Defense:

23

24          B.  SECOND AFFIRMATIVE DEFENSE:

25              1..Elements of the Affirmative Defense:

26

27

28

**EXHIBIT A**

**V.  EXHIBITS TO BE OFFERED BY EACH PARTY AND OBJECTIONS TO EXHIBITS**

A. PLAINTIFF'S EXHIBITS:  Plaintiff's exhibits are attached to this order as Appendix 1.  Defendant stipulates to the admission and authenticity of the exhibits listed in Appendix 1.

B. DEFENDANT'S EXHIBITS:  Defendant's exhibits are listed in and attached to Appendix 2 of this order. Defendant stipulates to the admission and authenticity of the exhibits listed in Appendix 2 [and contests the admissibility of the exhibits listed in the concurrently filed "Motion to Exclude Evidence."]  *Include the language in brackets ONLY if there are objections to the admission of exhibits.*

If there is a dispute as to the authenticity or admissibility of either party's exhibits, the objecting party shall file and serve concurrently with this pre-trial stipulation any motion to exclude evidence with a supporting memorandum of points and authorities.  Any response to the motion shall be filed and served two court days prior to the pre-trial conference.  All objections to the admission of exhibits shall be resolved at the pre-trial conference.  The failure to so object to the admission of exhibits listed on Appendices 1 and 2 may be deemed a waiver of any objection.

**VI.  WITNESSES TO BE OFFERED BY EACH PARTY**

A.  Plaintiff:

A list of the only witnesses Plaintiff shall call to testify at trial, a summary of their intended testimony, and an estimate of the length of direct and cross-examination is attached to this order as Appendix 3.

B.  Defendant:

A list of the only witnesses Defendant shall call to testify at trial, a summary of their intended testimony, and an estimate of the length of direct and cross-examination is attached to this order as Appendix 4.

**EXHIBIT A**

## VII.  REBUTTAL TESTIMONY

Plaintiff, who has the burden of establishing each element of its claim(s) for relief, will be the first to introduce evidence to prove the facts necessary to enable Plaintiff to recover. When Plaintiff rests, Defendant may then present evidence to contravene any of Plaintiff's claims or in support of any affirmative defenses which the Defendant has included in this pre-trial stipulation.  After the close of Defendant's case, Plaintiff may present rebuttal testimony only to counter evidence previously submitted by Defendant on issues not raised in Plaintiff's original presentation of its case.

## STIPULATION

The foregoing admissions have been made by the parties, and the parties have specified the foregoing issues of fact and law remaining to be litigated.  Therefore, this stipulation shall supersede the pleadings and govern the course of trial in this adversary proceeding, unless modified to prevent manifest injustice.

IT IS SO STIPULATED.

**Signature of Plaintiff or Attorney for Plaintiff:**

05/  /2022                         Michael Chekian, Esq.
_____          _____

*Date*                              *Type Name*                        *Signature*

IT IS SO STIPULATED.

**Signature of Defendant or Attorney for Defendant:**

05/__/2022                        Brett Stroud, Esq.
_____          _____

*Date*                              *Type Name*                        *Signature*

**EXHIBIT A**

APPENDIX 1

Plaintiff OFFERS:

Exhibit 1:  Bankruptcy Docket

Exhibit 2  Order Confirming Bankruptcy Plan

Exhibit 3:  Lease

Exhibit 4:  Defendant's notice terminating Lease

Exhibit 5:  Plaintiff's 2017 tax returns excerpt-just the federal return

Exhibit 6:  Plaintiff's 2018 tax returns excerpt-just the federal return

Exhibit 7:  Plaintiff's 2017 SRT fictitious business name statement, Kern County

Exhibit 8:  Eviction summons and complaint, Kern Case. #BCL-20015015

Exhibit 9:  Eviction Judgment

Exhibit 10: Eviction -writ of possession doc

Exhibit 11: Bankruptcy petition

Exhibit 12: Civil Judgment, Kern Case BCL-20-015272

Exhibit 13 Civil Judgment docket

Exhibit 14: Bankruptcy notice to Defendant's lawyers and their response

Exhibit 15: Adversary proceeding docket

Exhibit 16: Plaintiff's adversary complaint

Exhibit 17: Defendant's amended answer to adversary complaint

Exhibit 18: Plaintiff's $800 check to Defendant

Exhibit 19: Amended Bankruptcy schedules

Exhibit 20: Original bankruptcy schedules and statement of affairs

Exhibit 21: Eviction docket-not available

Exhibit 22: Dec. regarding Civil Judgment

Exhibit 23: Cal. State Controller 2020 Defendant Revenue

Exhibit 24: Defendant's insurance information 2020-2022

Defendant stipulates to Exhibits – to -- , but objects to Exhibits – to --

EXHIBIT A

APPENDIX 2

DEFENDANT OFFERS:

    Exhibit A:

        Plaintiff  stipulates to Defendant's Exhibits--- thorough ---, but objects to Defendant's Exhibits --- Exhibit D.  *(See below Model for motion to exclude evidence.)*

APPENDIX 3

PLAINTIFF'S WITNESSES

    1.  Christian F.C. Gadbois - Will testify that:

        A.    Filing of the Bankruptcy.

        B.    Circumstances regarding negotiation and execution of the Lease.

        C.    Lock out from the Premises.

        D.    Efforts to gain entry to the Premises and obtain his property.

        E.    Effects of the Civil Lawsuit and Eviction.

        F.    Formation and operation of SRT

        G.    Lost business opportunities due to lock out from the Premises.

        H.    Description and estimation of damages as a result of Defendant's actions.

        Estimated Direct:  90 minutes

        Estimated Cross-examination:  __ minutes

    2.  Person most knowledgeable of Defendant agent Jonathan Hudson -Will testify that:

        A.  Relationship to Defendant.

        B.  Knowledge of Plaintiff, his business, Lease negotiations and execution.

        C.  Defendant's due diligence prior to Lease execution.

        D.  Lease default.

        E.  Knowledge of Plaintiff's Bankruptcy.

        F.  Facts and circumstances regarding Eviction Lawsuit and Civil Judgment

        G. Actions regarding lockout and decision making process preventing Plaintiff's

            access to Premises and his property.

        Estimated Direct: 90 minutes

        Estimated Cross-examination:  __ minutes

**EXHIBIT A**

APPENDIX 4

DEFENDANT'S WITNESSES

    1.  ----- - Will testify:

        A.  That

            Estimated Direct: ___ minutes

            Estimated Cross-examination: ___ minutes

    2.  ---- - Will testify:

        A.

            Estimated Direct:  -- minutes

            Estimated Cross-examination:  -- minutes

EXHIBIT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business
address is:

A true and correct copy of the foregoing document described as **PRE-TRIAL STIPULATION** will be
served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d);
and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to
controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and
hyperlink to the document.  On ***Fill in Date Document is Filed***, I checked the CM/ECF docket for this
bankruptcy case or adversary proceeding and determined that the following person(s) are on the
Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (indicate method for each person or
entity served):
On ***Fill in Date Document is Filed***, I served the following person(s) and/or entity(ies) at the last known
address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in
a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail
service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will
be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date
Document is Filed***, I served the following person(s) and/or entity(ies) by personal delivery, or (for those
who consented in writing to such service method), by facsimile transmission and/or email as follows.
Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no
later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and
correct.

| _____ | _____ | _____ |
| *Date* | *Type Name* | *Signature* |

**EXHIBIT A**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):    DECLARATION OF MICHAEL CHEKIAN
REGARDING PRE-TRIAL STIPULATION will be served or was served **(a)** on the judge in chambers in the form and manner
required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____05/20/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and
determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
addresses stated below:

Nancy K Curry(TR): trustee13la@aol.com
Christian F.C. Gadbois c/o Michael F Chekian: mike@cheklaw.com
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
Minter Field Airport District c/o D. Max Gardner: dmgardner@dmaxlaw.com
Minter Field Airport District c/o Brett Stroud: bstroud@youngwooldridge.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)
_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for
those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the
judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later
than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/20/2022 | Michael Chekian | /s/ Michael Chekian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**