Michael F. Chekian, SBN 165026
Chekian Law Office
445 South Figueroa St., Ste. 3100
Los Angeles, CA 90071
Voice (310) 390-5529
Facsimile (310) 451-0739
Email mike@cheklaw.com

Attorney for Plaintiff Christian Gadbois

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re CHRISTIAN F.C. GADBOIS, <br><br> Debtor <br><br> -------------------------------------------------- <br><br> CHRISTIAN F.C. GADBOIS, <br><br> Plaintiff, <br><br> v. <br><br> MINTER FIELD AIRPORT DISTRICT, a <br> special district formed under the California <br> Airport District Act, <br><br> Defendant | Chapter 13 <br> Bk. No. 2:19-bk-10187-VZ <br> Adv. No. 2:21-ap-01158-VZ <br><br> **RESPONSE BY PLAINTIFF CHRISTIAN GADBOIS TO COURT'S ORDER TO SHOW CAUSE WHY THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED; DECLARATION OF MICHAEL CHEKIAN, ESQ.** <br><br> **Continued Pre-Trial Conference** <br> **DATE:** September 29, 2022 <br> **TIME:** 11:00 a.m. <br> **PLACE:** Ctrm. 1368, 255 E. Temple Street <br> Roybal Federal Building <br> Los Angeles, CA 90012 |

**TO: HON. JUDGE VINCENT ZURZOLO AND DEFENDANT:**

Christian C. Gadbois, debtor and plaintiff ("Plaintiff") in the above referenced adversary proceeding ("Adversary") hereby responds to the pending order to show cause ("OSC") entered by the Court on August 30, 2022 as docket 55 in the above referenced Adversary filed by Plaintiff verses defendant Minter Field Airport District, a special district formed under the California Airport District Act ("Defendant"). The hearing on the OSC is set by the Court for September 29, 2022 at 11:00 a.m.

## I.  STATEMENT OF FACTS

The OSC states that a written response must by filed and served by Plaintiff no later than September 15, 2022, that Plaintiff and Defendant must appear at the hearing on the OSC and that failure to comply with the OSC may be deemed a waiver of objection to the OSC.

As expressed by the Court on the record at the previous pretrial conference on August 4, 2022, the OSC considers whether the Adversary should be dismissed for reasons including the alleged failure of Plaintiff to timely file the proposed joint pretrial stipulation ("Pretrial Stipulation") in proper prosecution of the Adversary against Defendant.

Plaintiff hereby submits the following chronology of events regarding the preparation and filing of the Pretrial Stipulation, supported by the within Michael Chekian declaration depicting Plaintiff's diligent and conscientious efforts in drafting and obtaining Defendant's consent to a Pretrial Stipulation acceptable to the Court, while simultaneously attempting to settle the Adversary through a court ordered mediation conducted on August 1, 2022.

The initial pretrial conference in this matter was set for May 26, 2022 at 11:00 a.m. Plaintiff's attorney filed a declaration on May 20, 2022 at docket 32 in the Adversary regarding the Pretrial Stipulation.  The attorney declaration stated that due to an agreed upon late deposition by Defendant of the Plaintiff Christian Gadbois, the proposed Pretrial Stipulation was sent by Plaintiff's counsel to Defendant's counsel on May 19, 2022, which was the reason for the late submission of the draft Pretrial Stipulation.  A copy of the proposed pretrial stipulation was attached to Plaintiff's attorney's declaration at docket 32.

On May 23, 2022 as docket 33 in the Adversary, Plaintiff's counsel filed a motion to continue the initial pretrial conference set for May 26, 2022 to June 23, 20022 at 11:00 a.m. ("Motion To Continue").

By order entered on May 26, 2022 as docket 35 in the Adversary, the Court granted Plaintiff's Motion To Continue, continued the pretrial conference to August 3, 2022 at 11:00 a.m. (subsequently rescheduled to the same time on August 4 at 11:00 a.m. by Court order at docket 39) and also compelled the parties to mediation.

///

1    The May 26, 2022 initial pretrial conference was conducted, despite the Court's

2    continuance order. As of May 26, 2022, Defendant's counsel had not given edits to the

3    Plaintiff's proposed Pretrial Stipulation.

4    Plaintiff and Defendant requested a mediation order by stipulation reflected at docket

5    number 42 filed in the Adversary, filed on June 8, 2022. On July 26, 2022 as docket 44, the

6    Court entered the order assigning the matter to mediation and appointed a mediator and alternate.

7    Mediation took place on August 1, 2022, the Hon. Ret. Meredith Jury serving as

8    mediator. No settlement was reached per the mediation report filed in the Adversary on August

9    2, 2022 as docket 48.

10    On July 12, 2022, Plaintiff's counsel's office emailed Defendant's counsel an updated

11    draft of the Pretrial Stipulation plus Plaintiff's proposed exhibits. See within Michael Chekian

12    declaration, Exhibit 1, page 1. On July 14, 2022, Plaintiff's counsel and Defendant's counsel

13    spoke on the phone about the Pretrial Stipulation. On July 19, 2022, Defendant's counsel

14    emailed Plaintiff's counsel with a heavily edited version of the Pretrial Stipulation. On July 28,

15    2022, Plaintiff's counsel emailed Defendant's counsel with a further redlined version of the

16    Pretrial Stipulation plus additional exhibits. See within Chekian declaration, Exhibit 1, page 2.

17    On August 2, 2022, Plaintiff's counsel received a further edited version of the Pretrial Stipulation

18    from Defendant's counsel. Plaintiff's counsel made minor revisions to the Pretrial Stipulation

19    and on August 2, 2022, sent it back to Defendant's counsel requesting signatures and that it be

20    returned to him for filing. See Chekian declaration, Exhibit 1, pages 3-4. On August 3, 2022,

21    Defendant's counsel signed and returned the Pretrial Stipulation to Plaintiff's counsel, who

22    signed, filed and served it on August 3, 2022 as docket 49 in the Adversary.

23    Plaintiff's counsel appeared personally at the August 4, 2022 11:00 a.m. pretrial

24    conference when the Court announced its OSC. Plaintiff's counsel met with the Court's law

25    clerk at a break in the proceedings and the Court's law clerk commented on required revisions to

26    the Pretrial Stipulation.

27    ///

28    ///

1    On August 24, 2022, Plaintiff's counsel emailed Defendant's counsel with the revised

2    Pretrial Stipulation draft plus exhibits.  No response being received, on September 9, 2022

3    Plaintiff's counsel again sent the revised Pretrial Stipulation to Defendant's counsel asking for

4    status and reminding Defendant's counsel of the September 15, 2022 deadline to file it.  On

5    September 12, 2022, Plaintiff's counsel received an email from Defendant's counsel stating that

6    its edits would be received by September 13 or 14, 2022.   See Chekian declaration, Exhibit 1,

7    pages 6-7.  Today, September 13, 2022, Plaintiff's counsel received Defendant's counsel's edits

8    to the Pretrial Stipulation.

9

10    **II.    ARGUMENT**

11    Local Bankruptcy Rule 7041-1(a) states that:

12    A proceeding that has been pending for an unreasonable period of time without
any action having been taken may be dismissed for want of prosecution upon

13    notice and opportunity to request a hearing pursuant to LBR 9013-1(o).

14    Per the within Chekian declaration and exhibits evidenced by the documents filed in the

15    Adversary, Plaintiff's counsel asserts he has been especially diligent in prosecution of this

16    Adversary, as depicted by his efforts in communicating with Defendant's counsel to execute and

17    
18    file an acceptable version of the Pretrial Stipulation, by participation in mediation to settle the

19    Adversary, which efforts are elaborated within the below Chekian declaration.

20

21    **III.    CONCLUSION**

22

23    Therefore, based on the foregoing arguments, the record and within declaration, it is

24    respectfully requested that the OSC be discharged.

25

26    Dated:  September 13, 2022                        Signed:__/s/ Michael Chekian___
                                                       Attorney for Plaintiff C. Gadbois

27

28

## DECLARATION OF MICHAEL CHEKIAN, ESQ.

I, Michael Chekian, do hereby declare under the penalty of perjury that I am an attorney duly licensed to practice law in the United States Bankruptcy Court for the Central District of California and if called upon as a witness to testify to the following facts, I could and would competently testify under oath as to the veracity of each of the following statements.

1. I am the attorney of record for Christian Gadbois ("Plaintiff"), the debtor and plaintiff in the above captioned adversary proceeding ("Adversary") against defendant Minter Field Airport District ("Defendant").

2. The initial pretrial conference in this Adversary was set for May 26, 2022 at 11:00 a.m. I filed a declaration on May 20, 2022 at docket 32 in the Adversary regarding the joint pretrial stipulation ("Pretrial Stipulation"). My declaration stated that due to an agreed upon late deposition by Defendant of the Plaintiff Christian Gadbois, the proposed Pretrial Stipulation was sent by Plaintiff's counsel to Defendant's counsel on May 19, 2022, which was the reason for the late submission of the draft Pretrial Stipulation. A copy of the proposed pretrial stipulation which Plaintiff prepared was attached to my declaration at docket 32.

3. On May 23, 2022 as docket 33 in the Adversary, I filed a motion to continue the initial pretrial conference set for May 26, 2022 to June 23, 20022 at 11:00 a.m. ("Motion To Continue").

4. By order entered on May 26, 2022 as docket 35 in the Adversary, the Court granted Plaintiff's Motion To Continue, continued the pretrial conference to August 3, 2022 at 11:00 a.m. (subsequently rescheduled to the same time on August 4 at 11:00 a.m. by Court order at docket 39) and also compelled the parties to mediation.

5. The May 26, 2022 initial pretrial conference did take place, despite the Court's continuance order. I appeared at that pretrial conference. It was discussed on the

record at that hearing that as of May 26, 2022, Defendant's counsel had not given edits to the Plaintiff's proposed Pretrial Stipulation I sent to Defendant's counsel.

6. Plaintiff and Defendant requested a mediation order by stipulation reflected at docket number 42 filed in the Adversary, filed on June 8, 2022. On July 26, 2022 as docket 44, the Court entered the order assigning the matter to mediation and appointed a mediator and alternate.

7. Mediation took place on August 1, 2022, the Hon. Ret. Meredith Jury serving as mediator. No settlement was reached per the mediation report filed in the Adversary on August 2, 2022 as docket 48. Defendant and Plaintiff and their respective counsel actively participated in the mediation.

8. On July 12, 2022, my office emailed Defendant's counsel attaching an updated draft of the Pretrial Stipulation plus Plaintiff's proposed exhibits. A true and correct copy of emails regarding exchanges of various drafts of the Pretrial Stipulation between my office and Defendant's counsel's office is collectively attached hereto as Exhibit 1. Please see Exhibit 1 at page 1.

9. On July 14, 2022, I spoke with Defendant's counsel spoke on the phone about the Pretrial Stipulation. On July 19, 2022, Defendant's counsel emailed me with a heavily edited version of the Pretrial Stipulation. In response, on July 28, 2022, my office emailed Defendant's counsel with a further redlined version of the Pretrial Stipulation plus additional exhibits. See Exhibit 1, page 2. On August 2, 2022, I received a further edited version of the Pretrial Stipulation from Defendant's counsel. Plaintiff's counsel made minor revisions to the Pretrial Stipulation and on August 2, 2022, I sent it back to Defendant's counsel requesting signatures and that it be returned to him for filing. See Exhibit 1, pages 3-4.

10. On August 3, 2022, Defendant's counsel signed and returned the Pretrial Stipulation to my office. I signed, filed and served it on August 3, 2022 as docket 49 in the Adversary.

11. I appeared personally at the August 4, 2022 11:00 a.m. pretrial conference when the Court announced its OSC. I met with the Court's law clerk at a break in the proceedings on August 4 and the Court's law clerk commented on required revisions to the Pretrial Stipulation.

12. On August 24, 2022, my office emailed Defendant's counsel with the revised Pretrial Stipulation draft plus exhibits. No response being received, on September 9, 2022, I again emailed the revised Pretrial Stipulation to Defendant's counsel asking for status and reminding Defendant's counsel of the September 15, 2022 deadline to file it. On September 12, 2022, I received an email from Defendant's counsel stating that its edits would be received by September 13 or 14, 2022. See Exhibit 1, pages 6-7.

13. Today, September 13, 2022, I received Defendant's counsel's edits to the Pretrial Stipulation, and I will work on finalizing it and sending it back to Defendant's counsel tomorrow, September 14, 2022.


I do hereby declare under the laws of the United States of America that the foregoing statements are true and correct and that this declaration is executed this 13th day of September, 2022 in Los Angeles, California.

                                              __/s/ Michael Chekian___
                                                   Michael Chekian

| From: | Kathya |
|---|---|
| To: | Brett Stroud |
| Cc: | Michael Chekian Esq.; lnaworski-smith@youngwooldridge.com; kmoen@youngwooldridge.com |
| Subject: | Gadbois v. Minter Field Pre-Trial Stipulation & Exhibits |
| Date: | Tuesday, July 12, 2022 12:13:20 PM |
| Attachments: | pre trial stip updt 5-23-22.docx |

Good afternoon Brett,

I am attaching the Word version of the pre-trial stipulation. Also, the following is a Dropbox link to the proposed
exhibits: https://www.dropbox.com/scl/fo/qg2qu3qdexqmjvcn4qffa/h?dl=0&rlkey=j7cg714bmjjxbc0bnqozuyli9.

Best,

Kathya Ortega

cc: Michael Chekian, Esq, Lauren Naworski-Smith and Kristen Moen

Enc.

Legal Assistant, **Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Voice (310) 390-5529
Email kathya@cheklaw.com
Facsimile (310) 451-0739

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Michael Chekian Esq. |
| **To:** | Brett Stroud; Lauren Naworski-Smith |
| **Subject:** | Plaintiff"s Revisions Jt. Pretrial Stip. Gadbois v. Minter Field Air |
| **Date:** | Thursday, July 28, 2022 10:33:23 PM |
| **Attachments:** | pre tr stip plaintiff edits.docx |
| | Exh 25 Eviction case writ of possession docs.pdf |
| | Exh 28 Gibson Barnes helmet.pdf |
| | Exh 29 Gentex helmet.pdf |
| | Exh. 26 Answer.pdf |
| | Exh. 27 Sched. Order.pdf |

Brett, Lauren,

I'm attaching Plaintiff's redlined edits to the joint pretrial stipulation plus new proposed exhibits 25-29 in Gadbois v. Minter Field Air.

Please give me your responses/edits.

Thanks,

Michael Chekian, Esq.*

Enc.

cc:  My File, Client

**Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Voice (310) 390-5529
Email mike@cheklaw.com
Facsimile (310) 451-0739

*Certified Bankruptcy Specialist, State Bar of California,
Board of Legal Specialization*



**EXHIBIT 1**

| | |
|---|---|
| **From:** | Michael Chekian Esq. |
| **To:** | Brett Stroud; Lauren Naworski-Smith |
| **Subject:** | Signed Revised Joint Pretrial Stip.-Gadbois v. Minter |
| **Date:** | Tuesday, August 2, 2022 7:47:41 PM |
| **Attachments:** | Pre-Trial Stipulation tues pm plaint signed.docx |

Brett, Lauren,

I'm attaching the further revised joint pretrial stipulation which I signed; please sign and return it if it looks okay.

The changes I made are:

1. Minor: the 2 highlighted changes on page 1 and also on Appendix 1, list of our exhibits, I deleted the notes telling you about the previous changes to our exhibits.
2. Substantive: See the highlights at pages 15-16 with rough calculations of our compensatory damages. I am fine if you want to add other arguments or documents in response in this section and then just sign and return it.

I can file this ASAP tomorrow, that's the easy part. The hard part is ASAP tomorrow I need to drop off to Judge's chambers a tabbed file stamped courtesy copy including all Plaintiff's and Defendant's proposed exhibits.

Thanks,

Michael Chekian, Esq.*

Enc.

cc: File, My Client

**Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Voice (310) 390-5529
Email mike@cheklaw.com
Facsimile (310) 451-0739

*Certified Bankruptcy Specialist, State Bar of California,
Board of Legal Specialization*



**EXHIBIT 1**

**From:** Brett Stroud <bstroud@youngwooldridge.com>
**Sent:** Tuesday, August 2, 2022 3:12 PM
**To:** Michael Chekian Esq. <mike@cheklaw.com>; Lauren Naworski-Smith <lnaworski-smith@youngwooldridge.com>
**Subject:** RE: Revised Joint Pretrial Stip.-Gadbois v. Minter

Mike,

Attached is hopefully a final redline, minor cleanup after accepting all of your changes. Will you be compiling a signature ready PDF? Do you think we can get this on file tomorrow?

Best,
Brett

---

**From:** Michael Chekian Esq. <mike@cheklaw.com>
**Sent:** Tuesday, August 2, 2022 10:50 AM
**To:** Brett Stroud <bstroud@youngwooldridge.com>; Lauren Naworski-Smith <lnaworski-smith@youngwooldridge.com>
**Subject:** Revised Joint Pretrial Stip.-Gadbois v. Minter

Brett and Lauren,

I am attaching the revised joint pretrial stipulation. I also highlighted my changes in yellow.

Also, below is a Dropbox link to our revised exhibits. Revisions to our exhibits are summarized on our Appendix 1 at page 26.

https://www.dropbox.com/t/0lRHLqnII17d2du2

Thanks,

Michael Chekian, Esq.*

Enc.

cc: Client, My File

**Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Voice (310) 390-5529
Email mike@cheklaw.com
Facsimile (310) 451-0739

*Certified Bankruptcy Specialist, State Bar of California,
Board of Legal Specialization*

EXHIBIT 1



**EXHIBIT 1**

| | |
|---|---|
| **From:** | Michael Chekian Esq. |
| **To:** | Brett Stroud; Lauren Naworski-Smith |
| **Subject:** | Revised Joint Pretrial Stip.: Gadbois v. Minter Air |
| **Date:** | Friday, September 9, 2022 4:38:30 PM |
| **Attachments:** | Pre-Trial Stip draft sept hrg.docx |
| | Exh 17 plaint atty bills.pdf |

Brett and Lauren,

Can you give me status on the below email and revised draft joint pretrial stipulation?

I have not received a response since I sent it to you on August 24.

Thanks,

Michael Chekian, Esq.*

Enc.

cc:  Client; My File

**Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Voice (310) 390-5529
Email mike@cheklaw.com
Facsimile (310) 451-0739

*Certified Bankruptcy Specialist, State Bar of California,
Board of Legal Specialization*



**From:** Michael Chekian Esq.
**Sent:** Wednesday, August 24, 2022 10:57 PM
**To:** Brett Stroud <bstroud@youngwooldridge.com>; Lauren Naworski-Smith <lnaworski-smith@youngwooldridge.com>
**Subject:** Revised Joint Pretrial Stip.: Gadbois v. Minter Air

Brett and Lauren,

I am attaching the revised draft of the joint pretrial stipulation in Gadbois v. Minter Air with changes highlighted.

**EXHIBIT 1**

I'm also attaching our new Exhibit 17 with our attorney fees and costs to date in this case totaling about $18.8k to replace the previous Exhibit 17 amended answer (same as your Exhibit L).

Please send me back your edits and please let me know about your client's settlement status and whether Chris G. can view the closed storage contents or alternatively if a cell phone video of the contents can be sent to us.

Thanks,

Michael Chekian, Esq.*

Enc.

**Chekian Law Office**
445 South Figueroa Street, 31st Floor
Los Angeles, CA  90071
Voice (310) 390-5529
Email mike@cheklaw.com
Facsimile (310) 451-0739

*Certified Bankruptcy Specialist, State Bar of California,
Board of Legal Specialization*



**EXHIBIT 1**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):  Response By Plaintiff Christian Gadbois To Court's
Order To Show Cause Why This Adversary Proceeding Should Not Be Dismissed; Declaration of Michael Chekian, Esq.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____September 13, 2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email
addresses stated below:

Nancy K Curry Ch. 13 Trustee:  trustee13la@aol.com
Christian F.C. Gadbois c/o Michael F Chekian:  mike@cheklaw.com
United States Trustee (LA):  ustpregion16.la.ecf@usdoj.gov
Minter Field Airport District c/o D. Max Gardner:  dmgardner@dmaxlaw.com
Minter Field Airport District c/o Brett Stroud:  bstroud@youngwooldridge.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/13/2022 | Michael Chekian | /s/ Michael Chekian |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.